UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

GLOBAL DIGITAL SOLUTIONS, INC.,

        Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

        Defendants.

_____/

## COMPLAINT

Plaintiff Global Digital Solutions, Inc. ("GDSI") sues defendants Grupo Rontan Electro Metalurgica, S.A. ("Rontan"), Joao Alberto Bolzan ("Joao Bolzan"), and Jose Carlos Bolzan ("Jose Bolzan"), and alleges as follows:

## NATURE OF ACTION

1.      This is an action for Defendants' breach of a Share Purchase and Sale Agreement (the "SPA") with GDSI, by which GDSI was to have acquired whole ownership of Rontan. GDSI alternatively seeks, at its sole election, damages or specific performance.

## PARTIES, JURISDICTION, AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 (a)(2) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and citizens or subjects of a foreign state.

3.      GDSI, is a corporation organized under the laws of New Jersey, with its principal place of business in Palm Beach County, Florida.

4.      Rontan is a Brazilian corporation with its principal place of business in Sao Paulo, Brazil.  Rontan is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193(1)(a)(1) because it has operated, conducted, engaged in, or carried on a business or business venture in this state or having an office or agency in this state; Florida Statutes § 48.193(1)(a)(7) because in this state it has negotiated the contract upon which this action is brought and breached that contract through acts in Florida and by failing to perform acts required by the contract to be performed in this state; and Florida Statutes § 48.193(2) because it is engaged in substantial and not isolated activity within this state.

5.      Joao Bolzan is a Brazilian citizen who resides in Brazil.  Joao Bolzan is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193(1)(a)(1) because he has operated, conducted, engaged in, or carried on a business or business venture in this state or having an office or agency in this state; and Florida Statutes § 48.193(1)(a)(7) because in this state he has negotiated the contract upon which this action is brought and has breached that contract through acts in Florida and by failing to perform acts required by the contract to be performed in this state.

6.      Jose Bolzan is a Brazilian citizen who resides in Brazil.  Jose Bolzan is subject to the personal jurisdiction of this Court pursuant to Florida Statutes § 48.193(1)(a)(1) because he has operated, conducted, engaged in, or carried on a business or business venture in this state or having an office or agency in this state; and Florida Statutes § 48.193(1)(a)(7) because in this state he has negotiated the contract upon which this action is brought and breached that contract through acts in Florida and by failing to perform acts required by the contract to be performed in this state.

7.      Joao Bolzan and Jose Bolzan are the sole shareholders of, and control, Rontan. With respect to the actions giving rise to GDSI's claims, Rontan, Joao Bolzan, and Jose Bolzan each acted as a single unit and as each other's agent.

8.      The defendants, directly or through their agents, travelled to Florida for numerous meetings with GDSI and participated in numerous telephone calls to Florida with GDSI in the course of negotiating and executing the SPA.  The defendants also sent documents and information to Florida for the purpose of negotiating the SPA.  Prior to executing the SPA, the parties entered into a Letter of Intent, which was executed in Florida by Rontan and Jose Bolzan. After the execution of the SPA, the parties continued to meet in Florida in connection with the transaction until the defendants purported to terminate the SPA.

9.      Venue is proper in this Court because GDSI has its principal place of business in Palm Beach County, Florida and the acts giving rise to this action took place, in part, in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

10.      GDSI is in the business of providing comprehensive securities and technology solutions.  In 2014, GDSI acquired North American Custom Specialty Vehicles, a leading builder of mobile command, communications, and specialty vehicles for emergency management, first responders, national security, and law enforcement operations.

11.      Rontan is a closely-held corporation, wholly-owned by brothers Joao Bolzan and Jose Bolzan.  It is one of the world's largest manufacturers of original equipment for specialty vehicles for emergency management, first responders, national security, and law enforcement operations.  (The business of Rontan is hereafter referred to as the "Specialty Vehicle Business").

12.     Rontan designs, manufactures, and delivers emergency equipment specifically for public safety organizations and professionals.  Rontan's principal business is the adaptation of vehicles for use as ambulances, rescue vehicles, fire trucks, police vehicles, military vehicles, with emergency equipment it manufactures, including signaling equipment light bars, acoustic and visual signaling equipment, and painting.  Its clients include police departments, fire departments, and ambulance services throughout the world, with a concentration in Latin America.

13.     Beginning in late 2014, GDSI held discussions, including discussions in, from, and to Florida, with Rontan, Joao Bolzan, and Jose Bolzan about the possibility of acquiring Rontan in order to establish a market presence in Latin America and increase its market presence in the United States, which GDSI had established through its acquisition of North American Custom Specialty Vehicles.

14.     As part of those discussions, the parties executed a Letter of Intent, with all parties except Joao Bolzan present in Florida.  Joao Bolzan participated in the meeting to execute the Letter of Intent by calling into Florida.

15.     The discussions culminated in the execution of the SPA between GDSI, Rontan, Joao Bolzan, and Jose Bolzan dated October 8, 2015.  (A copy of the SPA is attached hereto as Exhibit A.)

16.     Among other things, the SPA provided that Joao Bolzan and Jose Bolzan "shall sell and transfer" to GDSI 100% of the issued and outstanding shares of Rontan, in exchange for payments set forth in the SPA.  The SPA provided that it would be governed by Florida law and that, unless the parties otherwise agreed in writing (and they did not), the closing of the sale of the shares would take place in Boca Raton, Florida.

17.     As a party to the SPA, Rontan made representations in Florida and elsewhere, including as to Rontan's financial obligations, and assumed duties and obligations, including to use its "best efforts" to consummate the sale of the shares of Rontan to GDSI.

18.     In late 2015 and early 2016, Rontan, Joao Bolzan, and Jose Bolzan refused, through communications sent to Florida, to perform their obligations under the SPA, including the transfer of the shares of Rontan to GDSI.

19.     On March 17, 2016, after breaching their obligations under the SPA, Rontan, Joao Bolzan, and Jose Bolzan gave notice of their wrongful termination of the SPA to GDSI in Florida and refused to hold a closing of the transaction in Florida and transfer the shares of Rontan to GDSI.

20.     GDSI has performed all of its obligations and duties under the SPA or those obligations and duties have been waived.

21.     In order to assert its rights under the SPA, GDSI has retained the undersigned law firm to bring this action and has agreed to pay it a reasonable fee.

### COUNT I
### Breach of Contract – Damages

22.     GDSI incorporates and re-alleges each allegation in paragraphs 1 through 21 as if fully set forth herein.

23.     GDSI entered into the SPA with Rontan, Joao Bolzan, and Jose Bolzan.

24.     Rontan, Joao Bolzan, and Jose Bolzan breached the SPA by failing to perform their obligations under, and to consummate the transfer of the shares pursuant to, the SPA.

25.     The breach of the SPA has caused damages to GDSI.

<u>**COUNT II**</u>
**Breach of Contract – Specific Performance**

26.     GDSI incorporates and re-alleges each allegation in paragraphs 1 through 21 as if fully set forth herein.

27.     GDSI entered into the SPA with Rontan, Joao Bolzan, and Jose Bolzan.

28.     Rontan is a closely-held, family-operated corporation owned by the Bolzan brothers.  Because the SPA provided for the sale and transfer to GDSI of 100% of the outstanding shares of Rontan, performance of the SPA would vest upon GDSI sole ownership and control of Rontan.

29.     Rontan, Joao Bolzan, and Jose Bolzan breached the SPA by failing to perform their obligations under, and to consummate the transfer of the shares pursuant to, the SPA.

30.     GDSI is clearly entitled to performance of the SPA.

31.     GDSI has no adequate legal remedy for defendants' breach of the SPA.

32.     Justice requires that defendants specifically perform the SPA and enforcement of the contract will not be unjust or oppressive to the defendants.

33.     GDSI at all material times was ready, willing, and able to pay the purchase price for the shares pursuant to the SPA or it was otherwise excused from doing so.

WHEREFORE, GDSI demands:

a.     A judgment against Rontan, Joao Bolzan, and Jose Bolzan, jointly and severally, for compensatory damages.

b.     Alternatively, at the sole option of GDSI, a judgment of specific performance of the SPA.

c.     A judgment against Rontan, Joao Bolzan, and Jose Bolzan, jointly and severally, for its attorneys' fees and costs.

    d.      All other relief the Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury of all issues so triable.

Dated:  January 30, 2018

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By:     <u>/s/ Carlos M. Sires</u>

Carlos M. Sires, Esq.
(Florida Bar No. 319333)
William Isaacson, Esq.
(*pro hac vice* to be submitted)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
csires@bsfllp.com
ftleserve@bsfllp.com

*Attorneys for Global Digital
Solutions, Inc.*