UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

        Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

        Defendants.
_____/

## GDSI'S STATUS REPORT RE: MARCH 4, 2020 HEARING

Plaintiff Global Digital Solutions, Inc. ("GDSI") submits this status report pursuant to the Court's directive in the Order on Motion for Judgment as a Matter of Law (Reclassified as Motion for Clarification). [D.E. 207.]

1.    In the Order, the Court directed as follows:

> Plaintiff is ordered to file a status report by 12:00 pm on March 2, 2020 stating whether, given my rulings in this Order, a hearing on March 4, 2020 is necessary. Specifically, Plaintiff should discuss its efforts to obtain Information on Rontan Company's outstanding tax liability, and, if additional time is needed to locate the necessary information, Plaintiff should indicate when it expects to be ready to proceed to a hearing on damages.

(Order at 6.)

2.    GDSI submits that, given the rulings in the Court's Order and in the separate Order Granting Motion for Default Judgment [D.E. 206], the hearing currently scheduled for March 4, 2020 is no longer necessary. GDSI proposes that, instead, it submit its evidence and legal argument as to remedies in writing for the Court's consideration.

1

3. Plaintiff requests two weeks from the March 4 hearing date, through March 18, 2020, to file its written submissions with respect to remedies, including the amount of damages it seeks incident to the decree of specific performance.

4. As the Court has already found, "the Defendants willfully disobeyed court orders, and in doing so, have acted in bad faith throughout this litigation"; and "Defendants' failure to participate in this litigation has prevented Plaintiff from effectively litigating the merits of this dispute." [D.E. 205 (Order Granting Motion for Default Judgment at 7.)] The prejudice caused by the Defendants' "willful and bad faith" failure to comply with court orders has made more difficult GDSI's efforts to prove its damages, including with respect to the amount of undisclosed tax liabilities and Defendants' disposition of real estate subject to the Share Purchase and Sale Agreement ("SPA") between the parties.

5. As part of its continuing efforts to gather information on those matters, GDSI has retained a leading Brazilian law firm, Mattos Filho (www.mattosfilho.com.br) to assist in the collection of publicly available information in Brazil. With the assistance of Brazilian counsel, Plaintiff will present to the Court evidence with respect to the tax obligations and real estate,[1] which is information that Defendants should have produced in response to the multiple discovery requests and orders which they violated willfully and in bad faith. GDSI will present this evidence through sworn declaration, including declarations from its expert witness.

---

[1] In addition to the undisclosed tax liabilities, incidental damages to GDSI include the value of real estate that Defendants owned at the time of the execution of the SPA and that they subsequently sold in violation of the SPA. (PX 48) (SPA ¶7: "Until the Closing Date … Rontan shall not enter into any material Contract or transaction.") *See* Order at 5 (D.E. 207) (citing *American Real Equities, Ltd v. ALM Inv. Corp.,* 406 So. 2d 507 (Fla. 3d Dist. App. 1981) (damages included adjustment to purchase price where "contract for the sale of land [] stated that the land was 5 acres, when it was actually 4.41 acres").

6. In sum, instead of holding the March 4, 2020 hearing, GDSI proposes to make its submissions regarding its remedy (including through an expert declaration) by March 18, 2020.

Dated: March 2, 2020

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Carlos M. Sires*
Carlos M. Sires, Esq.
(Fla. Bar No. 319333)
James Grippando
(Fla. Bar No. 383015)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
csires@bsfllp.com
jgrippando@bsfllp.com

William A. Isaacson, Esq.
(*pro hac vice* to be submitted)
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
wisaacson@bsfllp.com

*Attorneys for Global Digital Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2020, a true and correct copy of the foregoing document was served by email upon the following:

**Rontan**
c/o Daniela Bolzan
Rod. Sp 127, km 114,5,
Tatui, Sao Paulo, Brasil
Email: dbolzan@rontan.com.br
Telephone: +55(15) 3205-9500

**Jose Bolzan**
Rod. Sp 127, km 114,5,
Tatui, Sao Paulo, Brasil
Email: jcbolzan@rontan.com.br
Telephone: +55(15) 3205-9500

**Joao Bolzan**
Rod. Sp 127, km 114,5,
Tatui, Sao Paulo, Brasil
Email: jabolzan@rontan.com.br
Telephone: +55(15) 3205-9500

**Brazilian Counsel**
c/o Marcelo Siqueira E Silva
Rua Francisco Neves,
159, Sorocaba, Parque Campolim, Brasil
Email: marcelo.siqueiraesilva@uol.com.br
Telephone: +55(15) 3233-2242

By: /s/ *Carlos M. Sires*
Carlos M. Sires, Esq.