UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR CONTINUANCE OF HEARING SCHEDULED ON NOVEMBER 17, 2020

Plaintiff Global Digital Solutions, Inc. ("GDSI"), pursuant to this Court's paperless order dated November 10, 2020, submits this response to Defendants Grupo Rontan Electro Metalurgica, S.A., Joao Alberto Bolzan, and Jose Carlos Bolzan's ("Defendants"), "Motion for Continuance of Hearing Scheduled on November 17, 2020" [DE 247].

## ARGUMENT

Defendants seek a continuance of the November 17, 2020 hearing regarding damages for two reasons. First, they assert that more than the one-hour allotted to the hearing is required so that they may present "evidence contradictory to Plaintiff's expert testimony/report" and "call witnesses who will need to be examined on direct and cross." (DE 247, Motion at ¶ 6.) Second, they assert a continuance of unspecified duration is required because one of those witnesses, defendant Jose Carlos Bolzan, "is presently in the hospital as a result of his poor health and the development of pneumonia." (*Id*. at ¶ 8.) We discuss both of these arguments in turn.

1

### A.     The Asserted Need for More Hearing Time

Defendants' announced intent to present unspecified evidence in contradiction of GDSI's damages evidence begs the question whether Defendants should be permitted to present ***any*** evidence at the hearing.  This Court entered a default against Defendants because "the record demonstrates that Defendants have willfully disobeyed court orders, and in doing so, have acted in bad faith throughout this litigation." [D.E. 206 at 5.] As the Court noted, "the record contains various instances where Defendants willfully violated court orders and otherwise acted in bad faith." (*Id.* at 6.) Consequently, this Court has found, "Defendants' failure to participate in this litigation has prevented Plaintiff from effectively litigating the merits of the dispute." (*Id.* at 7.)

In denying Defendants' motion for relief from the default judgment, the Court noted that GDSI's assertion that its "expert was required to estimate incidental damages based on alternative sources in light of Defendants' failure to produce key documents." [D.E. 245 at 7.] The Court correctly found that amount of "the resources expended by Plaintiff in preparing its damages memorandum was primarily a result of Defendants' failure to comply with discovery orders." (*Id.* at 8.)

Due to Defendants' bad faith litigation conduct, GDSI intends to object to the introduction of any new evidence by Defendants.[1] Permitting Defendants to introduce new evidence at the hearing, would reward their bad faith litigation conduct and prejudice GDSI in its prosecution of its damages claim.

On November 10, 2020, Defendants filed their witness list for the hearing. [D.E. 250.] They identify four witnesses. Three of them are Grupo Rontan employees: Mr. J.C. Bolzan, his

---

[1] Defendants apparently do not intend to introduce any exhibit that was not produced in discovery. Their Exhibit List does not specifically identify any document, stating only "All exhibits listed on Plaintiff's Exhibit List not objected to by Defendants." [D.E. 250.]

2

daughter Daniela Bolzan, and Clovis Paulino. Mr. J.C. Bolzan, of course, is also an individual defendant. GDSI is separately moving to limit the testimony of these witnesses to matters concerning discovery Defendants produced in this action.

The fourth witness is putative expert Stewart L. Appelrouth. Although Mr. Appelrouth was disclosed as an expert witness, Defendants subsequently withdrew him, and he never submitted an expert report. (Exhibit A, Email from Carlos Osori, counsel for Defendants, to Carlos M. Sires, counsel for GDSI.) Defendants *still* have offered no expert report. GDSI is also separately moving to exclude any testimony by Mr. Appelrouth. *See Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (affirming exclusion of untimely expert report in its entirety where it was filed "over *a month after* the close of discovery") (emphasis court's).

These upcoming motions obviously bear on Defendants' demand for a day-long hearing. [D.E. 247 at ¶ 10.][2] The Court should, prior to providing a longer hearing time, require Defendants state the nature of the testimony it expects to elicit from their witnesses and identify any documentary evidence they intend to introduce through these witnesses.

### B. Mr. J.C. Bolzan's Hospitalization

GDSI is understandably sympathetic to Mr. J.C. Bolzan's health issues. GDSI first became aware of those issues when Defendants filed their motion for continuance. In the meet and confer

---

[2] With the Court's permission, GDSI will present most or all of the direct testimony of Matthew Crow, Marici Giannico, Paulo Camargo Tedesco, and Ross Trevino through written declarations previously filed with the Court, (D.E. 214), further reducing the need for a full day hearing. *See Ball v. Interoceanica Corp.,* 71 F.3d 73 (1995) ("we approve the procedure allowing the parties to produce direct evidence from their witnesses in writing while permitting subsequent oral cross-examination—particularly when the parties agree to that procedure in advance."); *In re Adair,* 965 F.2d 77 (9th Cir.1992) (requiring that direct testimony be presented by written declaration, while permitting oral cross-examination and redirect in open court, offended neither due process nor Federal Rule of Evidence 611(a)—which authorizes district court to control the "mode" of presenting direct testimony); *In re Geller,* 170 B.R. 183 (S.D. Fla. Bktcy. 1994).

3

conducted by telephone between counsel, as required by the Local Rules, Defendants' counsel made no mention of Mr. Bolzan's health issues.

We do note that those issues are not consistently described in the motion. For example, in the motion Defendants assert that Mr. Bolzan is suffering from pneumonia. (D.E. 247, Motion at ¶ 8.) Yet, the "Medical Report" submitted in support of the motion says he is suffering from cough and dyspnea, which is difficulty in breathing. [D.E. 247-1.] We also note that Mr. Bolzan's health issues have previously been the basis for a continuance in this case. [D.E. 175-1 (seeking a continuance of trial due to Mr. Bolzan being "in medical treatment due to a pathology in his left knee").]

That said, GDSI does not oppose a brief continuance of the hearing to allow Mr. Bolzan to testify. However, Defendants fail to provide even an estimate as to when that may be. Moreover, as noted above, Defendants do not identify what testimony Mr. Bolzan would provide. It may be that Mr. Bolzan does not have admissible evidence to offer. Here again, Defendants' failure to be specific in the motion makes it impossible for the Court and GDSI to know whether Mr. Bolzan's illness is a legitimate reason to continue the hearing and, if it is, how long the continuance should be.

## CONCLUSION

As this Court has noted, GDSI "is entitled to a timely resolution of this matter" but "has been deprived of this right" as a result of Defendants' bad faith litigation tactics. [D.E. 206 at 7.] GDSI respectfully requests that the Court require Defendants to (1) state the substance of the testimony they intend to elicit from each witness, (2) identify any documentary evidence they expect to introduce through each of its witnesses, and (3) state how long of continuance they believe is necessary, should Mr. Bolzan be deemed to have admissible testimony. Based upon that information, the Court can then make an informed determination as to the motion for continuance.

4

Dated: November 12, 2020

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Carlos M. Sires*
    Carlos M. Sires, Esq.
    (Fla. Bar No. 319333)
    James Grippando
    (Fla. Bar No. 383015)
    401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, Florida 33301
    Telephone: (954) 356-0011
    Facsimile: (954) 356-0022
    csires@bsfllp.com
    jgrippando@bsfllp.com

PAUL WEISS RIFKIND, WHARTON & GARRISON LLP

    William A. Isaacson, Esq.
    (Admitted *Pro Hac Vice*)
    2001 K Street, NW
    Washington, DC 20006-1047
    Telephone: (202) 223-7300
    Facsimile: (202)-223-7420
    wisaacson@paulweiss.com

*Attorneys for Global Digital Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on November 12, 2020.

By: /s/ *Carlos M. Sires*
    Carlos M. Sires, Esq.

# EXHIBIT A

**From:** Carlos Osorio <cosorio@osorioint.com>
**Date:** October 4, 2019 at 3:37:56 PM EDT
**Subject:** Experts
**To:** Carlos Sires <csires@bsfllp.com>
**Cc:** James Grippando <jgrippando@bsfllp.com>,Evelyn Barroso <ebarroso@osorioint.com>

Dear Carlos

After further consideration, my clients have decided to not submit an expert report.

We do ask you produce or identify all documents submitted or considered by your expert.

Regards,

CFO

Carlos F. Osorio, Esq.
Board Certified in International Law
Osorio Internacional, P.A.
175 S.W. 7 Street, Suite 1900
Miami, FL 33130
305 900 4103
cosorio@osorioint.com
www.osorioint.com

Past Chairman International Law Section FL BAR