UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

     Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

     Defendants.

_____/

**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY WITH RESPECT TO MATTERS THAT WERE THE SUBJECT OF DISCOVERY REQUESTS TO WHICH DEFENDANTS FAILED TO RESPOND**

Plaintiff Global Digital Solutions, Inc. ("GDSI") moves for an order *in limine* excluding Defendants Grupo Rontan Electro Metalurgica, S.A., Joaa Alberto Bolzan, and Jose Carlos Bolzan (together, "Defendants") from presenting at the damages hearing scheduled for December 2, 2020, any evidence with respect to matters that were the subject of discovery requests to which Defendants failed to properly respond.

**ARGUMENT**

The "record contains various instances where Defendants willfully violated court orders and otherwise acted in bad faith."  [D.E. 206 at 6.]  Those are not GDSI's words.  They are the Court's.  As the Court noted in entering a default judgment against Defendants, "the record contains various instances where Defendants willfully violated court orders and otherwise acted in bad faith." (*Id*. at 6.)  Consequently, the Court entered a default judgment because "Defendants' failure to participate in this litigation has prevented Plaintiff from effectively litigating the merits of the dispute." (*Id*. at 7.)

For the same bad faith discovery conduct that the Court found a default judgment against Defendants is appropriate, the Court should preclude Defendants from adducing any testimony on subjects on which they denied GDSI discovery.  It would be anomalous to default Defendants because they have failed to produce discovery and thus hampered GDSI's litigation of this case, while allowing them to introduce evidence that relates to the very matters upon which Defendants refused to provide discovery.

Defendants' bad faith litigation conduct has equally prejudiced GDSI's litigation of the damages issues in this case.  In denying Defendants' motion for relief from the default judgment, the Court noted GDSI's assertion that its "expert was required to estimate incidental damages based on alternative sources in light of Defendants' failure to produce key documents." [D.E. 245 at 7.]  The Court correctly found that amount of "the resources expended by Plaintiff in preparing its damages memorandum was primarily a result of Defendants' failure to comply with discovery orders." (*Id*. at 8.)

The Court is familiar with Defendants' contumacious discovery misconduct and it is not necessary to restate it detail here.  It is sufficient to note that the record establishes that, despite numerous meet-and-confers, lengthy court hearings on motions to compel, and four court orders directing Defendants to comply with their discovery obligations, Defendants failed to provide full discovery.  As the Court noted "Throughout these discovery disputes, which were mainly raised by Plaintiff, Defendants failed to comply with Brannon's orders," and GDSI "was required to file a [sic] successive motion to compel to resolve Defendants' non-compliance." [D.E. at 5.]  Among the discovery demands that Defendants ignored were requests relevant to the issue of damages and, in particular, concerning Defendant Grupo Rontan's severely delinquent tax obligations and the valuation of the company's shares.

Defendants have identified three fact witnesses and one expert witness[1] on their witness list for the hearing.[2]  [D.E. 250.]  In view of their bad faith discovery conduct, Defendants should not be permitted to elicit any testimony from these witnesses—or from any witness called by GDSI—that concerns matters as to which they refused to provide discovery, including Defendant Grupo Rontan's tax liabilities and the valuation of its property.  Permitting Defendants to introduce new evidence on these matters at the hearing would reward their bad faith litigation.  It would also severely prejudice GDSI, which was unable to conduct meaningful discovery on these matters. *See Tabarestani v. WalMart Inc*., Case No. 18-62693-CIV-SNOW 2020 WL 5790972, at *5 (S.D. Fla. August 29, 2020) ("Permitting such a practice would result in 'trial by ambush,' which the rules of discovery are designed to prevent.").

## CONCLUSION

As this Court has noted, GDSI "is entitled to a timely resolution of this matter" but "has been deprived of this right" as a result of Defendants' bad faith litigation tactics.  [D.E. 206 at 7.] GDSI respectfully requests that the Court enter an order *in limine* precluding Defendants from introducing any evidence at the damages hearing that concerns matters upon which they failed to provide discovery.

Dated:  November 19, 2020

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Carlos M. Sires*
     Carlos M. Sires, Esq.
     (Fla. Bar No. 319333)

---

[1] GDSI is contemporaneously moving to exclude the expert witness on the basis that Defendants withdrew him as a witness when they failed to submit an expert report and make him available for deposition.

[2] Defendants apparently do not intend to introduce any exhibit that was not produced in discovery. Their Exhibit List does not specifically identify any document, stating only "All exhibits listed on Plaintiff's Exhibit List not objected to by Defendants."  [D.E. 250.]

James Grippando
(Fla. Bar No. 383015)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
csires@bsfllp.com
jgrippando@bsfllp.com

PAUL WEISS RIFKIND, WHARTON &
GARRISON LLP

William A. Isaacson, Esq.
(Admitted *Pro Hac Vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone:  (202) 223-7300
Facsimile:   (202)-223-7420
wisaacson@paulweiss.com

*Attorneys for Global Digital Solutions, Inc.*

## LOCAL RULE 7.1(A)(3)(A) STATEMENT OF CONFERRAL

Counsel for GDSI certifies that she has conferred with counsel for Rontan in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Plaintiff's counsel conferred by email and by phone but was unable to resolve the issues raised in this motion.

By: /s/ *Carlos M. Sires*
Carlos M. Sires, Esq.

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all

counsel of record via the court's CM/ECF System on November 19, 2020.


By:  <u>/s/ *Carlos M. Sires*          </u>
            Carlos M. Sires, Esq.