**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:18-80106-CIV-Middlebrooks/Brannon

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN.

    Defendants.

_____/

## RESPONSE OF DEFENDANTS TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' EXPERT EVIDENCE AND TO STRIKE WITNESS STEWART L. APPELROUTH FROM DEFENDANTS' WITNESS LIST

    Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respond to Plaintiff's Motion *In Limine* to Exclude Defendants' Expert Evidence and to Strike Expert Witness Stewart L. Appelrouth from Defendants' Witness List ("Motion") [DE 253], and state:

    1.    On October 29, 2020, this Court entered an Order Setting a Hearing Regarding Damages [DE 246]. The Order set forth that if either party intended to offer testimony or exhibits at the hearing the parties shall file their witness and exhibit lists no later than November 10, 2020.

    2.    Defendants complied with the Order and filed their witness list on November 10, 2020 [DE 250]. Defendants' witness list set forth three fact witnesses and one expert witness.

    3.    Plaintiff is now attempting to exclude the testimony of Defendants' expert witness because Defendants' prior counsel indicated in October, 2019, that no expert report would be provided. However, Defendants' expert witness is simply being called as a rebuttal witness to

Plaintiff's expert, and due to the scheduling of the hearing on damages being scheduled in such short notice Defendants' expert did not have the requisite time to prepare a report.

4. Defendants do not challenge the law cited by Plaintiff in the Motion as it is controlling. As Plaintiff properly sets forth in the Motion, the non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). The four factors set forth by Plaintiff from the *Torres v. First Transit, Inc.*, are the factors to be used to determine whether the failure to disclose is substantially justified.

I. The Importance of the Excluded Testimony

5. The testimony to be provided by Stewart Appelrouth, as set forth in Defendants' Witness List, shall be relating to the damages Plaintiff is seeking. Mr. Appelrouth shall provide expert testimony regarding the alleged damages Plaintiff has suffered and if Plaintiff's expert testifies consistent with his declaration [DE 214-1] he will be testifying as to why Plaintiff's expert's opinion is not correct as to damages. Without having Mr. Appelrouth testify Defendants will be extremely prejudiced as they will not be able to contradict a large portion of Plaintiff's expert's testimony.

6. As set forth in Defendants' Response to Plaintiff's Motion *In Limine* relating to excluding other testimony [DE 254], a defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. *Poser Investments, Inc. v. Ravin Hotel & Investments, LLC*, No. 6:13-mc-18-Orl-36TBS, 2018 WL 2445891 at *2, FN 2 (M.D. Fla. May 31, 2018) *citing Security Bank, N.A. v. BellSouth Advertising & Pub. Corp.*, 679 So.2d 795 (Fla. 3d DCA 1996). Due process is not violated after a default is entered when the defaulting party has

the opportunity to argue his position, present evidence, and voice any objections during the hearing. *Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 262 (11th Cir. 2008).

7. If Mr. Appelrouth is not permitted to testify Defendants due process rights will be violated as they will not be permitted an opportunity to present sufficient evidence to negate Plaintiff's claim for damages.

II. Explanation of Defendants' Failure to Provide an Expert Report

8. Defendants' former counsel sent an email to Plaintiff's counsel informing Plaintiff's counsel that Defendants' expert would not be providing a report. However, circumstances have changed since that time. At the time when Defendants' former counsel indicated he was not going to be providing an expert report, damages were not the leading issue in this matter. The case was still being litigated and damages would not have been an issue unless Plaintiff prevailed on its claim. Now that a default has been entered against Defendants and the Court has denied their attempt to have it set aside, the only issue to litigate is the damages and an expert is now needed to opine on the matter for Defendants. Moreover, Defendants timely complied with the Order Setting a Hearing Regarding Damages [DE 246] by naming Mr. Appelrouth on their witness list.

III. The Potential Prejudice That Would Arise from Allowing the Testimony

9. Defendants understand that Plaintiff would suffer some prejudice from this Court allowing the testimony of Mr. Appelrouth because he has not provided a report or been deposed. However, any prejudice Plaintiff would suffer is greatly outweighed by the prejudice to Defendants by not allowing Mr. Appelrouth to testify. If the Court excludes Mr. Appelrouth from

testifying then Defendants will lose one of their key witnesses needed to provide this Court the information it needs to properly rule on the damages Plaintiff is attempting to recover.

    IV.    The Availability of a Continuance to Cure Such Prejudice

    10.    Defendants have no objection to a continuance being granted in lieu of Mr. Appelrouth being struck as a witness. Defendants can make Mr. Appelrouth available for Plaintiff to depose on an expedited basis. Defendants have not moved for a further continuance because in the Order Resetting Hearing Regarding Damages [DE 252] this Court specified that it is "strongly disinclined to grant any further continuances of the damages hearing". If the Court would be inclined to do so, Defendants would seek a continuance of the hearing set for December 2, 2020, to permit the Plaintiff to depose Mr. Appelrouth to remedy any prejudice it may suffer.

    11.    Plaintiff takes the position that any further continuance would deprive it of a timely resolution of this matter. Defendants take the position that if the matter moves forward without Mr. Appelrouth being permitted to testify then Defendants will not be permitted to put on a proper defense to Plaintiff's claim for damages.

    WHEREFORE, Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respectfully request the Court enter an Order denying Plaintiff's Motion [DE 253].

Dated this 24th day of November, 2020.

                                              Reifkind, Thompson & Rudzinski, LLP
                                              Attorneys for Defendants
                                              3333 W. Commercial Blvd., Suite 200B
                                              Fort Lauderdale, FL 33309
                                              Tel: (954) 370-5152
                                              Fax: (954) 370-1992
                                              Email: bgottlieb@rtrlaw.com
                                                          msued@rtrlaw.com

                                              By:  /s/ *Brian D. Gottlieb*_____
                                                   BRIAN D. GOTTLIEB, ESQ.
                                                   F.B.N. 0015302

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of November, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel of record, Carlos Sires, Esq. – csires@bsfllp.com and William Isaacson, Esq. – wisaacson@bsfllp.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

                                    By:  /s/ *Brian D. Gottlieb*_____
                                         Brian D. Gottlieb, Esq.
                                         Florida Bar No. 0015302