IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-80106-CIV-Middlebrooks/Brannon

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN.

    Defendants.
_____/

## RESPONSE OF DEFENDANTS TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY WITH RESPECT TO MATTERS THAT WERE THE SUBJECT OF DISCOVERY REQUESTS WHICH DEFEDANTS FAILED TO RESPOND

Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respond to Plaintiff's Motion *In Limine* to Exclude Testimony with Respect to Matters that were the Subject of Discovery Requests which Defendants Failed to Respond ("Motion") [DE 254], and state:

1. On October 29, 2020, this Court entered an Order Setting a Hearing Regarding Damages [DE 246]. The Order set forth that if either party intended to offer testimony or exhibits at the hearing the parties shall file their witness and exhibit lists no later than November 10, 2020.

2. Defendants complied with the Order and filed their witness list on November 10, 2020 [DE 250]. Defendant's witness list set forth three fact witnesses and one expert witness.

3. Plaintiff is now attempting to limit the testimony Defendants' witnesses can testify to as a form of sanctions.

4. Plaintiff is seeking incidental damages to the specific performance claim against Defendants. Even though the default against Defendants was not set aside [DE 245], Defendants are entitled to a hearing to meaningfully inform the Court as to the amount of damages Plaintiff has allegedly suffered, if any. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). If the Court were to take Plaintiff's position set forth in its Motion, Defendants would be precluded from raising various significant issues relating to Plaintiff's calculations of damages. It would be a hearing with Plaintiff presenting all of its evidence without objection as Defendants would be left in the position where they could not contradict such evidence in any way. Therefore, making the purpose of the hearing futile and a waste of the Court's time and resources.

5. A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. *Poser Investments, Inc. v. Ravin Hotel & Investments, LLC*, No. 6:13-mc-18-Orl-36TBS, 2018 WL 2445891 at *2, FN 2 (M.D. Fla. May 31, 2018) *citing Security Bank, N.A. v. BellSouth Advertising & Pub. Corp.*, 679 So.2d 795 (Fla. 3d DCA 1996). Due process is not violated after a default is entered when the defaulting party has the opportunity to argue his position, present evidence, and voice any objections during the hearing. *Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 262 (11th Cir. 2008).

6. Plaintiff cited to the case of *Tabarestani v. Walmart, Inc.*, No. 18-62693-CIV-SNOW, 2020 WL 5790972 (S.D.Fla. August 29, 2020) in an attempt to support its position. However, the court in that matter found the evidence which was being excluded was not relevant, and even if relevant, would have been cumulative. The case is not analogous to the facts before this Court.

7. Defendants are entitled to their due process right to be heard and to set forth sufficient evidence to permit the Court to properly evaluate Plaintiff's claim for damages, if any, and enter judgment thereafter. Without Defendants being given the opportunity to provide its evidence, which would include the testimony of its three fact witnesses and one expert witness, the Court will not be fully informed as to the actual damages.

WHEREFORE, Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respectfully request the Court enter an Order denying Plaintiff's Motion [DE 254].

Dated this 24th day of November, 2020.

> Reifkind, Thompson & Rudzinski, LLP
> Attorneys for Defendants
> 3333 W. Commercial Blvd., Suite 200B
> Fort Lauderdale, FL 33309
> Tel: (954) 370-5152
> Fax: (954) 370-1992
> Email: bgottlieb@rtrlaw.com
>        msued@rtrlaw.com
>
> By: /s/ *Brian D. Gottlieb* _____
>     BRIAN D. GOTTLIEB, ESQ.
>     F.B.N. 0015302

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel of record, Carlos Sires, Esq. – csires@bsfllp.com and William Isaacson, Esq. – wisaacson@bsfllp.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

By: ___/s/ *Brian D. Gottlieb*_____
Brian D. Gottlieb, Esq.
Florida Bar No. 0015302