UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

     Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

     Defendants.

_____/

### PLAINTIFF'S OMNIBUS REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS AND ITS MOTION TO EXCLUDE TESTIMONY WITH RESPECT TO MATTERS AS TO WHICH DEFENDANTS FAILED TO PROVIDE DISCOVERY

Carlos M. Sires, Esq.
(Fla. Bar No. 319333)
James Grippando
(Fla. Bar No. 383015)
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200 Fort
Lauderdale, Florida  33301 Telephone:
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
csires@bsfllp.com
jgrippando@bsfllp.com

William A. Isaacson, Esq.
(Admitted *Pro Hac Vice*)
PAUL WEISS RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202)-223-7420
wisaacson@paulweiss.com

*Attorneys for Global Digital Solutions, Inc.*

Plaintiff Global Digital Solutions, Inc. ("GDSI"), pursuant to this District's Local Rule 7(c) and the Court's November 16, 2020 order [D.E. 252], replies in support of its "Motion *in Limine* to Exclude Defendants' Expert Evidence and to Strike Expert Witness Stewart L. Appelrouth" ("Appelrouth Motion") [D.E. 253] and its "Motion *in Limine* to Exclude Testimony With Respect to Matters That Were the Subject of Discovery Requests to Which Defendants Failed to Respond" ("Other Evidence Motion") ([D.E. 254].

<u>Argument</u>

In their responses to GDSI's motions, Defendants essentially argue that the Court should ignore their strategic decision not to proceed with an expert and their bad faith litigation conduct that the Court has acknowledged has significantly prejudiced GDSI.  But even if Defendants may have a right to a hearing on damages, their prior strategic decisions and improper conduct do not disappear.  And neither does the prejudice GDSI would suffer if it had to litigate damages without the benefit of expert disclosures and damages discovery.

A.    <u>Appelrouth Motion</u>

Defendants argue that "due to the scheduling of the hearing on damages being scheduled in such short notice Defendants' expert did not have the requisite time to prepare a report." [D.E. 255 at ¶ 3.]  In truth, Defendants had ample time to submit a report—in accordance with the Court's deadlines they chose to ignore—but made a knowing, strategic decision not to submit one.  They were provided with GDSI's expert disclosures.  They deposed GDSI's expert witness, Matthew Crow.  They then decided not to submit a report by Mr. Appelrouth.

Their proffered excuse for that strategic decision is that "circumstances have changed since that time" because "damages were not [then] the leading issue in this matter" and "would not have been an issue unless Plaintiff prevailed on its claim." [*Id*. at ¶ 8.]  That is silly.

Damages have always been a "leading" issue in this case and the issue has never been severed from the issue of liability. If Defendants made a decision to take their chances on defeating GDSI's claims on liability, they must now live with the consequences.

Any prejudice suffered by Defendants if Mr. Appelrouth is excluded is solely of their own making. The unquestionable and significant prejudice GDSI would suffer if Mr. Appelrouth is not excluded is not the result of any action by GDSI. It would be solely the result of Defendants' strategic decision not to proceed with an expert. Defendants' argument that they should "be permitted an opportunity to present sufficient evidence [through Mr. Appelrouth] to negate Plaintiff's claim for damages" [*Id*. at ¶ 7], ignores the fact they *were* given that opportunity. They chose not to take advantage of it.

Nor is it appropriate to further delay the litigation, which Defendants have long obstructed, so that GDSI can depose Mr. Appelrouth on an expedited basis. [*Id*. at ¶ 10.] That is not feasible. Aside from the delay, GDSI should not have to depose Mr. Appelrouth without the benefit of an expert disclosure. It is notable that even in their response to the motion Defendants do not state what specifically Mr. Appelrouth will say to "negate Plaintiff's claim for damages." [*Id*. at ¶ 8.] It is hard to fathom that any testimony by Mr. Appelrouth that will "negate" GDSI's damages is going to rest on evidence that Defendants failed to provide GDSI through discovery in this case, making it all the more inappropriate to allow Mr. Appelrouth to testify.

Defendants will have the ability to examine Mr. Crow. Their counsel can avail himself of Mr. Appelrouth's assistance in crafting that examination. But Defendants have foregone the opportunity to present Mr. Appelrouth as a witness or to allow examination of Mr. Crow based on evidence they kept from GDSI.

     B.    <u>Other Evidence Motion</u>

Similarly, Defendants should not be allowed to introduce or use evidence—through any witness—that they refused to provide in discovery.  Defendants argue that if GDSI's motion is granted they "would be precluded from raising various significant issues relating to Plaintiff's calculation of damages" and "would be left in a position where they could not contradict [GDSI's] evidence in any way."  [D.E. 256 at ¶ 4.]  GDSI's motion, however, seeks to exclude only testimony[1] that concerns matters that were not disclosed by Defendants in disregard of their discovery obligations.

Here again, Defendants' argument that they should be "given the opportunity to provide its [sic] evidence, which would include the testimony of its three fact witnesses and one expert witness" [*id*. at ¶ 7] ignores the fact that they did receive that opportunity.  Rather than provide that evidence through discovery as is required by the rules of civil procedure (and numerous orders of this Court), they acted in bad faith by repeatedly and intentionally disregarding their discovery obligations.

Although, as with Mr. Appelrouth, Defendants have failed to identify the evidence they will seek to elicit from their fact witnesses, it is apparent that they intend to have their fact witnesses take the stand and "contradict" GDSI's evidence.  [*Id*. at ¶ 4.]  To allow their witnesses to do so based upon information that GDSI doggedly pursued but Defendants in bad faith refused to provide would not only significantly prejudice GDSI, but would reward Defendants' bad faith litigation conduct.

## Conclusion

For the foregoing reasons, GDSI respectfully request the Court grant its motions.

---

[1] Defendants have not listed any exhibits they will use at the hearing.

Dated:  November 27, 2020               Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ Carlos M. Sires*          
     Carlos M. Sires, Esq.
     (Fla. Bar No. 319333)
     James Grippando
     (Fla. Bar No. 383015)
     401 East Las Olas Blvd., Suite 1200
     Fort Lauderdale, Florida  33301
     Telephone:  (954) 356-0011
     Facsimile:   (954) 356-0022
     csires@bsfllp.com
     jgrippando@bsfllp.com

PAUL WEISS RIFKIND, WHARTON &
GARRISON LLP

     William A. Isaacson, Esq.
     (Admitted *Pro Hac Vice*)
     2001 K Street, NW
     Washington, DC 20006-1047
     Telephone:  (202) 223-7300
     Facsimile:   (202)-223-7420
     wisaacson@paulweiss.com

     *Attorneys for Global Digital Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on November 27, 2020.

By: */s/ Carlos M. Sires*     
    Carlos M. Sires