## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-80106-CV-MIDDLEBROOKS

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

    Defendants.
_____/

## ORDER GRANTING MOTIONS *IN LIMINE*

THIS CAUSE comes before the Court upon Plaintiff's Motion *in Limine* to Exclude Defendants' Expert Evidence and to Strike Expert Witness (DE 253), and Motion *in Limine* to Exclude Testimony with Respect to Matters that were the Subject of Discovery Requests to Which Defendants Failed to Respond (DE 254), both filed on November 19, 2020. The Motions are fully briefed. (DE 255; DE 256; DE 257). For the following reasons, the Motions are granted.

**I.    BACKGROUND**

This case is about Defendants' alleged breach of a Share Purchase and Sale Agreement. (DE 55 at ¶ 1). Importantly, during this litigation, the Parties engaged in several discovery disputes. Plaintiff initially sent a request for production to Defendants in April 2019. (DE 195-1 at 8–18). Apparently, Defendants only produced eighteen emails in response to the request. (DE 194 at 4–5). Plaintiff maintained that this production was inadequate and subsequently filed a motion to compel, which I referred to Magistrate Judge Dave Lee Brannon. (DE 195-1). Judge Brannon found Defendants' initial search of documents to be inadequate and ordered the Parties to confer

1

regarding revised search terms. (DE 102). Judge Brannon also required a new electronic search of Defendants' database utilizing the newly agreed-upon search terms. (*Id.*).

Plaintiff continued to dispute the adequacy of Defendants' search for responsive documents and production, prompting Plaintiff's filing of additional motions to compel. (DE 194 at 7–10). Judge Brannon conducted multiple discovery hearings and entered several orders resolving the Parties' various disputes, mainly in Plaintiff's favor. (DE 116; DE 129; DE 186). In one of Defendants' final discovery motions, they attempted to narrow the search terms applicable to their ESI production; however, Judge Brannon denied that motion because Defendants had "proffered no valid basis for departing from what the parties agreed upon two months ago." (DE 186).

After several months of disputes relating to the adequacy of Defendants' production, Defendants were required to complete their search for ESI and produce responsive documents by January 6, 2020. (DE 186). However, Defendants failed to comply with that Order.

On February 28, 2020, I granted Plaintiff's Motion for Default Judgment under Federal Rule of Civil Procedure 37 and the Court's inherent authority. (DE 206 at 5, 7). I found that Defendants had willfully disobeyed numerous court orders and, in doing so, had acted in bad faith throughout the litigation. (*Id.* at 5). At that time, Defendants had not participated in the case in any manner since their counsel was permitted to withdraw in December 2019 (DE 190); therefore, in addition to violating court orders, they failed to comply with several pretrial deadlines, such as the deadlines to file deposition designations and final witness and exhibit lists, and they also failed to participate in the preparation of the pretrial stipulation. (*Id.* at 6). I determined that Plaintiff would be prejudiced if default was not entered, and that no lesser sanction would be adequate, particularly because after nearly two years of contentious litigation and shortly before trial, Defendants' counsel withdrew, and Defendants effectively abandoned this litigation. (*Id.* at 7).

Therefore, I cancelled the bench trial and set an evidentiary hearing to determine damages. (*Id.*). Given Plaintiff's representation that the hearing was no longer necessary, I then cancelled the hearing and directed Plaintiff to submit a memorandum on damages. (DE 209). In April 2020, Plaintiff filed its damages memorandum (DE 213) and a supplement to the same (DE 220).

Then, in June 2020, before a final judgment was entered, Defendants' new counsel filed a notice of appearance and a Motion for Relief from Default Final Judgment. (DE 221; DE 222). On October 28, 2020, I denied that Motion because Defendants failed to establish excusable neglect. (DE 245). However, I set a hearing to determine damages for November 17, 2020, which was later continued until December 2, 2020, given Defendants' representation that Defendant Jose Carlos Bolzan is a key witness but was then unable to testify due to a recent illness. (DE 246; DE 252).

In the present Motions, Plaintiff seeks to limit the scope of the evidence to be presented at the damages hearing due to Defendants' repeated discovery violations throughout this litigation. Specifically, Plaintiff seeks to (1) exclude Defendants' expert evidence and strike Defendants' expert witness from their Witness List because Defendants have failed to provide an expert report for that expert and (2) exclude any evidence introduced by Defendants that relates to matters that were the subject of discovery requests to which Defendants failed to respond. (DE 253; DE 254).

**II.     EXPERT EVIDENCE**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is

3

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants list Stewart L. Appelrouth, CPA, as an expert witness on their Witness List for the damages hearing, but there is no expert report attached or listed on their Exhibit List. (DE 250). Defendants' deadline to provide an expert report expired on October 4, 2019. (DE 122). To have properly disclosed their expert witness, Defendants were required to both identify the expert and provide a written expert report. *See* Fed. R. Civ. P. 26(a)(2). Plaintiff states that Defendants timely disclosed Stewart L. Appelrouth as an expert witness but failed to provide an expert report and, on October 4, 2019, Defendants notified Plaintiff that they would not provide an expert report. (DE 253 at 5). Since "the deadline by which Defendants were required to submit an expert report passed more than fourteen months ago" and "[t]he deadline by which to list witnesses for trial passed more than ten months ago, which Defendants ignored in bad faith when they failed to participate in the preparation and filing of the joint pretrial stipulation," Plaintiff asserts that I should exclude Defendants' expert evidence and strike Defendants' expert from their Witness List. (*Id.* at 5, 6).

After considering the Parties' respective arguments, I find that Defendants have failed to satisfy their burden of establishing that their failure to provide an expert report for Stewart L. Appelrouth was substantially justified or is harmless. As the Parties indicate in the briefing, several district courts in this Circuit consider four factors "[i]n determining whether the failure to disclose is substantially justified or harmless[:] . . . '(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.'" *Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 WL 4926423, at *5 (S.D. Fla. Aug. 20, 2020) (citations omitted). None of these factors weigh in favor of Defendants.

4

Defendants first assert that the expert testimony is important because their expert plans to testify "regarding the alleged damages Plaintiff has suffered and . . . as to why Plaintiff's expert's opinion is not correct as to damages." (DE 255 at ¶ 5). As such, they contend that their due process rights will be violated if they are unable "to present sufficient evidence to negate Plaintiff's claim for damages." (*Id.* at ¶ 7). However, Defendants do not sufficiently establish the importance of the expert testimony because their description of the testimony to be presented is too vague. They do not specify the content of their expert's anticipated testimony and have failed to provide an expert report. Therefore, I am unable to evaluate the importance of Defendants' expert's testimony.

Next, to explain their failure to provide an expert report in October 2019, Defendants represent that at that time "damages were not the leading issue in this matter" and that "damages would not have been an issue unless Plaintiff prevailed on its claim." (*Id.* at ¶ 8). They assert that since the only remaining issue is damages, "an expert is now needed." (*Id.*). This explanation does not constitute substantial justification as it is illogical. If Plaintiff had prevailed on its claims at trial, Defendants would not have been afforded a second opportunity to provide an expert report. Therefore, their failure to provide an expert report by the deadline is not substantially justified by the assertion that damages were not "the leading issue" at that time. Further, despite requesting a hearing on damages, Defendants still have not provided an expert report over a year after the expert report deadline has expired and, as Plaintiff correctly points out, "*more than five months* . . . since they reappeared and requested a hearing on damages." (DE 253 at 10 (emphasis in original)).

Likewise, Defendants have not established that their failure to provide an expert report is harmless. In fact, they acknowledge that "Plaintiff would suffer some prejudice . . . because [their expert] has not provided a report or been deposed." (DE 255 at ¶ 9). Nevertheless, Defendants argue that this prejudice is "greatly outweighed by the prejudice to Defendants [of] not allowing

5

[their expert] to testify," as he is "one of their key witnesses needed to provide this Court the information it needs to properly rule on the damages Plaintiff is attempting to recover." (*Id.*).

Plaintiff will suffer substantial prejudice if Defendants are permitted to present expert testimony at the damages hearing because, to date, Defendants have not provided an expert report and Plaintiff has not deposed their expert. Defendants' failure to provide an expert report has deprived Plaintiff of a meaningful opportunity to conduct discovery as to Defendants' expert witness and evidence. In fact, Defendants still have not specified the content of their expert's testimony. Therefore, their continued failure to provide an expert report is not harmless. And any prejudice suffered by Defendants is the result of their failure to comply with the Federal Rules of Civil Procedure and this Court's discovery orders. Moreover, this damages hearing has already been continued at Defendants' request, and there have been numerous delays in this litigation. Thus, I agree with Plaintiff that "[a] continuance to allow Defendants to present unspecified expert evidence will only further deprive [Plaintiff] of its right to timely resolution." (DE 253 at 12).

Overall, I am not persuaded that Defendants' failure to provide an expert report was substantially justified or is harmless. Therefore, pursuant to Rule 37, Defendants are "not allowed to use that information or witness to supply evidence" at the December 2, 2020 damages hearing. *See* Fed. R. Civ. P. 37(c)(1). Accordingly, I will exclude Defendants' expert evidence on damages at the hearing and strike Stewart L. Appelrouth from Defendants' Witness List (DE 250).

### III.     EVIDENCE NOT PRODUCED IN DISCOVERY

Under Federal Rule of Civil Procedure 37, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A)(ii).

Here, Plaintiff argues that "[f]or the same bad faith discovery conduct that the Court found a default judgment against Defendants is appropriate, the Court should preclude Defendants from adducing any testimony on subjects on which they denied [Plaintiff] discovery." (DE 254 at 2). It represents that its previous discovery requests that Defendants failed to respond to were relevant to the issue of damages in that they requested information "concerning Defendant Grupo Rontan's severely delinquent tax obligations and the valuation of the company's shares." (*Id.*). Plaintiff thus asserts that Defendants' conduct in this litigation has prejudiced Plaintiff on the issue of damages, emphasizing my prior finding that the resources expended by Plaintiff in preparing its damages memorandum was primarily a result of Defendants' failure to comply with discovery orders. (*Id.*).

In their Response, Defendants argue that they "are entitled to their due process right to be heard and to set forth sufficient evidence to permit the Court to properly evaluate Plaintiff's claim for damages, if any, and enter judgment thereafter." (DE 256 at ¶ 7). They contend that, if I grant Plaintiff's Motion, I will not be fully informed as to the actual damages and, as such, "the purpose of the hearing [would be] futile and a waste of the Court's time and resources." (*Id.* at ¶¶ 4, 7).

"Ordinarily, the right to present evidence is basic to a fair hearing[.]" *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, Defendants fail to acknowledge their numerous opportunities "to be heard and to set forth sufficient evidence" on the issue of damages. Instead of seizing these opportunities, Defendants failed to comply with discovery orders, including the Order setting a final deadline to complete their search for ESI and produce responsive documents, that would have allowed them to introduce into evidence documents regarding damages. They then abruptly failed to participate in this action after nearly two years of contentious litigation and shortly before trial.

In light of Defendants' failure to comply with discovery orders and the resulting prejudice to Plaintiff in expending resources to prepare a damages memorandum using alternative sources,

7

I will, at the December 2, 2020 hearing on damages, prohibit Defendants under Rule 37 "from introducing [] matters in evidence[]" that were the subject of Plaintiff's discovery requests to which Defendants failed to respond despite court orders. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Nevertheless, although they are limited, Defendants may still assert legal arguments, present evidence that is not otherwise excluded by this Order, and raise any appropriate objections at the damages hearing. However, I remind the Parties that I will only permit evidence to be offered at the hearing if it was disclosed in the Parties' previously filed witness and exhibits lists.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion *in Limine* to Exclude Defendants' Expert Evidence and to Strike Expert Witness (DE 253) is **GRANTED**.

(2) Stewart L. Appelrouth, CPA, is **STRICKEN** from Defendants' Witness List (DE 250).

(3) Defendants' expert evidence on damages shall be **EXCLUDED** from the hearing.

(4) Plaintiff's Motion *in Limine* to Exclude Testimony with Respect to Matters that were the Subject of Discovery Requests to Which Defendants Failed to Respond (DE 254) is **GRANTED**.

(5) Defendants' evidence on matters that were the subject of Plaintiff's discovery requests to which Defendants failed to respond shall be **EXCLUDED** from the hearing.

**SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of November, 2020.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record