**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:18-80106-CIV-Middlebrooks/Brannon

GLOBAL DIGITAL SOLUTIONS, INC.,

      Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN.

      Defendants.

_____/

**<u>RESPONSE OF DEFENDANTS TO PLAINTIFF'S MOTION FOR EXTENSION
OF TIME IN WHICH TO FILE PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW</u>**

      Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respond to Plaintiff's Motion for Extension of Time in Which to File Proposed Findings of Fact and Conclusions of Law ("Motion") [DE 262], and state:

      1.    On December 2, 2020, this Court conducted a trial on damages.  At the conclusion of the hearing the Court directed each party to submit proposed findings of fact and conclusions of law.  After some discussion, Plaintiff's counsel suggested two weeks to submit the proposed findings of fact and conclusions of law, which Defendants' counsel agreed to.

      2.    The Court entered an Order on December 3, 2020 [DE 261] requiring the parties to submit the proposed findings of fact and conclusions of law regarding damages by December 16, 2020.

3.     On December 15, 2020, at 6:53 p.m., counsel for Defendants received an email from counsel for Plaintiff requesting a one week extension to submit the proposed findings of fact and conclusions of law.  Defendants did not agree to the proposed extension, and on December 16, 2020, Plaintiff filed its Motion [DE 262].

4.     The Court entered an Order on December 17, 2020 [DE 264], requiring Defendants to respond to Plaintiff's Motion explaining the basis for the opposition to the extension.

5.     Plaintiff's basis for requiring the extension was due to the press of other matters of its counsel and the time required to obtain and review the transcript of the damages hearing held on December 2, 2020.

6.     As to the time it took for Plaintiff's counsel to receive and review the transcript from the hearing, the transcript was sent to the parties on December 7, 2020 in the morning. Plaintiff had the transcript in its possession for almost ten (10) days prior to the submission being due.  Additionally, the transcript is only 126 pages, with numerous pages containing discussions regarding issues with the translator and Defendants communicating through Zoom.  Therefore, Defendants do not agree that Plaintiff was delayed in its preparation of the proposed findings due to not receiving and reviewing the transcript timely.

7.     Furthermore, Defendants sought a continuance of the hearing on damages that was originally set for November 17, 2020 with one hour reserved [DE 247].  Defendants set forth that more time was needed for the hearing and it would most likely need a full day.  Plaintiff filed its response to the Motion for Continuance [DE 251] on November 12, 2020, opposing the continuance.  Plaintiff quoted the Court when it stated that Plaintiff is entitled to a timely

resolution of this matter, but has been deprived of this right.  Plaintiff took the position that an hour was sufficient to conduct the trial on damages.[1]

8.      Thereafter, the Court granted the continuance over Plaintiff's objection and the trial was held on December 2, 2020 with two hours allotted for the hearing.  Now Plaintiff, who has claimed to be prejudiced by the delay in the proceedings, is seeking to delay the submission of its proposed findings of fact and conclusions of law.  There were no new issues brought up at the hearing which would require Plaintiff to need additional time.  There were four (4) live witnesses and one (1) by deposition that testified at the December 2, 2020 hearing.  The two longest examinations were of Plaintiff's witnesses, Matthew Crow and Paulo Tedesco, which presumably Plaintiff knew what each would testify to prior to the hearing.  There were no new legal issues raised at the hearing that would require additional research to be completed by Plaintiff.  Therefore, Defendants do not believe there is a need for additional time to submit the proposed findings of fact and conclusions of law. Defendants submitted their proposed findings of fact and conclusions of law timely as required and they received the transcript on the same date as Plaintiff received it.

9.      Finally, Defendants oppose Plaintiff's Motion as they will be prejudiced because Plaintiff has received Defendants' proposed findings of fact and conclusions of law.  Plaintiff will now be able to attempt to contradict Defendants findings of fact and conclusions of law in its initial submission to the Court.  The Court set forth that each party will have time to object to the other party's findings of fact and conclusions of law, but by Plaintiff being able to respond to Defendants' proposed findings of fact and conclusions of law in its initial submittal, Plaintiff will respond twice, thus prejudicing Defendants.

---

[1] At the trial, Plaintiff presented testimony in excess of two hours.

WHEREFORE, Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A., JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respectfully request the Court enter an Order denying Plaintiff's Motion [DE 262].

Dated this 18th day of December, 2020.

> Reifkind, Thompson & Rudzinski, LLP
> Attorneys for Defendants
> 3333 W. Commercial Blvd., Suite 200B
> Fort Lauderdale, FL 33309
> Tel: (954) 370-5152
> Fax: (954) 370-1992
> Email: bgottlieb@rtrlaw.com
>           msued@rtrlaw.com
>
> By: _/s/ *Brian D. Gottlieb*_____
>           BRIAN D. GOTTLIEB, ESQ.
>           F.B.N. 0015302

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel of record, Carlos Sires, Esq. – csires@bsfllp.com and William Isaacson, Esq. – wisaacson@bsfllp.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

> By: __/s/ *Brian D. Gottlieb*_____
>           Brian D. Gottlieb, Esq.
>           Florida Bar No. 0015302