IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-80106-CIV-Middlebrooks/Brannon

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN.

    Defendants.
_____/

**RESPONSE AND OBJECTIONS OF DEFENDANTS TO PLAINTIFF'S
PROPOSED FINAL JUDGMENT WITH FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A. ("Rontan"), JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respond and object to Plaintiff's [Proposed] Findings of Fact and Conclusions of Law ("Proposed Final Judgment") [DE 267-1] pursuant to this Court's Orders [DE 261 and 266], and state:

Numbers 1-3

1. No objection.

Numbers 4-19

2. Paragraphs 4 through 19 of the Proposed Final Judgment contain the "Background" of the case, as well as events leadings up to the hearing on damages. All of the matters discussed in these paragraphs contain factual matters that occurred outside of the hearing on damages and there was no testimony or evidence presented regarding the Background of the case. There was no record evidence presented by Plaintiff during the trial on damages to support

the Background information contained in paragraphs 4 through 19 and therefore the inclusion of the information is inappropriate. Findings of fact contained in a final judgment must be supported by record evidence. *E.g. Thelma C. Raley, Inc. v. Kleepe*, 867 F.2d 1326, 1328 (11th Cir. 1989).

Numbers 20-32

3. No objection.

Number 33

4. Plaintiff presented the testimony of Mr. Tedesco and is attempting to confuse the matter before the Court by focusing on the Rontan judicial re-organization. Plaintiff had Mr. Tedesco testify that that re-organization would not cause the taxes to be forgiven, reduced, extinguished, waived or otherwise foreclosed. However, Mr. Tedesco testified as to other proceedings which could in fact limit the tax debt, such as challenging it in an administrative or judicial proceeding. Mr. Tedesco testified that if the tax payor prevails in the proceedings then the tax or fine could be reduced or determined not to be owed at all. [Tr. 110:11 - 112:15]. Defendants want to clarify that even though the judicial re-organization may not be able to reduce or eliminate the taxes and fines which are owed, the taxes and fines can be challenged and could be lowered or eliminated through administrative and judicial proceedings.

Number 34

5. No objection.

Number 35

6. Once again, Plaintiff is attempting to imply to the Court that the taxes and fines could not, or would not, be reduced because Mr. Tedesco is unaware of any amounts in excess of R$150 million being reduced. Mr. Tedesco's testimony is strictly speculative and he did not

testify he did research to determine how many times taxes have been reduced or discounted when the debt was in excess of R$150 million. Instead, as Plaintiff sets forth in the paragraph, Mr. Tedesco testified that he was unaware of discounts being given but that an exceptional discount could be given to Rontan. Mr. Tedesco was not qualified or accepted by the Court as an expert and Mr. Tedesco did not testify as to any reduction or discount that was denied to Rontan. Mr. Tedesco had no personal knowledge as to whether or not the taxes and fines were challenged or reduced. [Tr. 109:19-23].

### Number 36

7. Plaintiff's statement, set forth in paragraph 36, as to Mr. Tedesco stating that once the fine is assessed the tax authorities have no discretion to waive it is misleading. While the tax authorities cannot "waive" the fine, the administrative proceedings provide the tax payor with an option to challenge the fines and Mr. Tedesco testified that upon the administrative proceeding being concluded, there could be a discount to the tax payor at that time. [Tr. 117:23 – 119:4].

### Number 37-38

8. No objection.

### Number 39

9. Plaintiff attempts to have the Court believe that Mr. Tedesco's report is accurate, but Mr. Tedesco testified that while the tax infractions are at the administrative level they are classified. [Tr. 108:25 – 109:18]. Mr. Tedesco's testimony regarding his public record search cannot be taken as accurate as he was unaware of the outcome of the cases, he could only determine the number of proceedings and most of the time he was able to determine if there was a challenge to the amount levied. [Tr. 108:25 – 109:18]. Mr. Tedesco's testimony is unreliable as to the amounts owed in taxes because if Rontan is successful in challenging the amounts owed

there could be no taxes or fines owed, and Mr. Tedesco could not determine the status or outcome of any of the cases.

### Number 40

10.    The amounts set forth as alleged taxes and/or fines owed by Rontan have not been paid because, as Juan Carlos Bolzan testified to, the taxes and fines are being challenged. [Tr. 86:13 – 87:1]. If Rontan prevails on the challenge to the amounts accessed the debts will not have to be paid.

### Number 41-44

11.    No objection.

### Number 45

12.    Defendants object to any incidental damages being awarded to Plaintiff under two separate and distinct theories, both of which are set forth in the proposed Final Judgment filed by Defendants in paragraphs 9-12. [DE 263]. The SPA contains a clause titled "SPECIFIC CONDITIONS PRIOR TO CLOSING", which is contained in section 3 of the SPA. This section sets forth numerous conditions precedent to closing the transaction between the parties. Section 3.1 states, "[t]he specific conditions to be satisfied prior to the Closing Date, in addition to the other conditions herein are as follows", with the remainder of the section setting forth certain conditions to be met prior to closing. There was testimony that Rontan was in violation of the conditions precedent contained in Section 3.1.4 and Section 3.1.7. Section 3.1.11 permits the satisfactory completion in Plaintiff's sole discretion of its due diligence review investigation of Rontan and its business. Section 4 of the SPA is titled "CLOSING", with Section 4.1 setting forth, "[s]ubject to satisfaction or waiver of the conditions precedent provided in Section 3 of this Agreement, the closing of this Agreement shall take place within ten business days from the date

of the issuance of the opinion of Kopelowitz Ostrow…or such other place agreed to in writing by the Parties." Due to Plaintiff making the election of specific performance as its remedy, it is bound to close pursuant to the terms of the SPA. The SPA requires Plaintiff to either waive a breach of Section 3 of the SPA or terminate the SPA, if Rontan does not satisfy the conditions precedent in Section 3. Rontan did not satisfy the conditions precedent of Section 3 of the SPA so Plaintiff must elect to either waive the non-conformity or terminate the SPA. By Plaintiff electing to move forward with the closing, it is bound by the SPA and is not entitled to incidental damages. All of the terms within the SPA which were allegedly breached, including Sections 5.12 and 5.13 are contained within Section 3 of the SPA (3.1.4, 3.1.7, 3.1.11) and would have to be waived pursuant to the conditions precedent in the SPA.

13. Additionally, the incidental damages were not proven with reasonable certainty, as more fully described below, and without the damages being proven with reasonable certainty, this Court cannot award incidental damages to Plaintiff.

### Number 46

14. Defendants have no objection to the exchanges rate, but would object to any incidental damages being awarded to Plaintiff for the reasons set forth herein.

### Numbers 47-48

15. The compensatory damages testified by Mr. Crow were also not proven with reasonable certainty. Mr. Crow admitted that the additional income numbers used in his calculations for 2018, 2019 and 2020 were projections and not actual income numbers. [Tr. 62: 15-20]. Mr. Crow's benefit of the bargain damages number is speculative and was not proven with reasonable certainty.

**CONCLUSIONS OF LAW**

<u>Numbers 1-2</u>

16.     No objection.

<u>Number 3</u>

17.     Plaintiff wants to put the onus on Defendants for it not being able to meet its burden to prove damages with a reasonable certainty because it knows that by failing to prove damages with reasonable certainty it is not entitled to recovery.  Plaintiff has the burden of setting forth evidence to show within reasonable certainty that the Plaintiff suffered damages and that the damages flowed as the natural and proximate result of Defendant's wrongful conduct. *Aldon Industries, Inc. v. Don Myers & Associates, Inc.*, 517 F.2d 188, 191 (5th Cir 1975).  The amount of damages must be capable of proof to a reasonable certainty and not left to speculation or conjecture.  *Id.*  There is the exception, which is set forth by Plaintiff, but Plaintiff failed to prove what information Defendants had in their possession which would have permitted Plaintiff to calculate the alleged damages properly.

<u>Numbers 4-8</u>

18.     It appears Plaintiff is attempting to raise the argument that the Court allowed improper testimony during the hearing on issues that were subject to discovery orders.  Yet, Plaintiff does not specify any improper testimony the Court considered or set forth how it was improper in any way.  Therefore, paragraphs 4 through 8 appear to be irrelevant to the argument.

<u>Numbers 9-11</u>

19.     Mr. Crow may have relied on information normally used by experts, but the information was insufficient to reach the conclusion on damages, both incidental and benefit of the bargain.  As to the incidental damages, Mr. Crow testified the taxes Rontan were subject to

were only taxes Rontan was "at risk" of being taxed on, not what the actual taxes were. Mr. Crow testified that he did not know whether the IPA fines or the IPI fines were estimates of what Rontan was at risk of being fined for, and he had no personal knowledge of whether the fines were actually levied on Rontan. [Tr. 49:10-24]. If no fines were actually levied against Rontan than then it would not have increased Rontan's tax exposure. [Tr. 16-20]. Mr. Crow had no knowledge of whether the statute of limitations had run on the taxes and fines or if there was tolling of the arrangement in place either. [Tr. 52:11-25]. Mr. Crow also did not know the outcome of the tax dispute that Rontan was involved in, which could affect the amount of taxes/fines owed. [Tr. 53:4-6]. Without Mr. Crow knowing whether the fines were levied, whether the statute of limitations had run on some past due taxes/fines, if there was a tolling agreement in place, and what the tax disputes relate to or what the outcomes will be, his calculation of incidental damages was nothing more than speculation and conjecture. Mr. Crow's calculation of incidental damages is therefore unreliable and should not be considered by the Court.

20. In addition, the benefit of the bargain damages was also not proven with reasonable certainty. Mr. Crow testified he had to project the additional income numbers used in his calculations for 2018, 2019 and 2020 and did not use actual income numbers. [Tr. 62: 15-20]. Without using the actual numbers for those years, Plaintiff failed to meet its burden to prove the benefit of the bargain damages with reasonable certainty.

## Number 12

21. Defendants have no objection to Plaintiff electing the remedy of specific performance. However, Defendants object to the implication made in the footnote where Plaintiff sets forth it may pursue benefit of the bargain damages if specific performance was

elected erroneously because it is not supported by facts or law. As Plaintiff set forth in the Proposed Final Judgment, it has elected the remedy of specific performance. The SPA in this matter does not permit Plaintiff to obtain incidental damages with specific performance because of Section 3 of the SPA requiring Defendants to satisfy the conditions, which did not happen, or Plaintiff waive them, prior to closing. If the Court finds the SPA does not permit the incidental damages, Plaintiff appears to be hedging so it has the option to switch its election to the benefit of the bargain damages. Defendants would set forth that now that Plaintiff has elected the remedy of specific performance, whether it is entitled to incidental damages or not, it is now bound by its choice.

## Number 13

22. Defendants do not object to the statement made within paragraph 13, but the setoff is only appropriate if damages are awarded. With the election of specific performance as the remedy, Plaintiff it is not entitled to a setoff as it is not entitled to incidental damages.

## Numbers 14-20

23. No objection.

**FINAL JUDGMENT**

24. For the unnumbered paragraphs under the section titled Final Judgment, Defendants set forth the following. (a) no objection; (b-g) as set forth above, Plaintiff has the right to elect specific performance, which it has, but does not have the right to damages with the remedy of specific performance due to the conditions precedent in the SPA. There is no entitlement to a setoff for any of the claims made by Plaintiff and Plaintiff is obligated to pay the full purchase price pursuant to the SPA at closing; and (h) no objection.

Dated this 4th day of January, 2021.

        Reifkind, Thompson & Rudzinski, LLP
        Attorneys for Defendants
        3333 W. Commercial Blvd., Suite 200B
        Fort Lauderdale, FL 33309
        Tel: (954) 370-5152
        Fax: (954) 370-1992
        Email: bgottlieb@rtrlaw.com
              msued@rtrlaw.com

By: /s/ *Brian D. Gottlieb*
    BRIAN D. GOTTLIEB, ESQ.
    F.B.N. 0015302

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel of record, Carlos Sires, Esq. – csires@bsfllp.com and William Isaacson, Esq. – wisaacson@bsfllp.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

By: /s/ *Brian D. Gottlieb*
    Brian D. Gottlieb, Esq.
    Florida Bar No. 0015302