UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

    Defendants.

_____/

**PLAINTIFF GDSI'S MOTION FOR AWARD OF ATTORNEYS' FEES, NONTAXABLE EXPENSES RELATED TO ATTORNEYS' FEES, AND TAXABLE COSTS, <u>WITH MEMORANDUM OF LAW IN SUPPORT</u>**

| | |
|---|---|
| **PAUL WEISS RIFKIND, WHARTON & GARRISON LLP** | **BOIES SCHILLER FLEXNER LLP** |
| William A. Isaacson, Esq. | Carlos M. Sires, Esq. |
| (*Pro Hac Vice*) | (Fla. Bar No. 319333) |
| 2001 K Street, NW | James Grippando, Esq |
| Washington, DC 20006-1047 | (Fla. Bar No. 383015) |
| Telephone: (202) 223-7300 | 401 East Las Olas Blvd., Suite 1200 |
| Facsimile: (202) 223-7420 | Fort Lauderdale, FL 33301 |
| wisaacson@paulweiss.com | Telephone: (954) 356-0011 |
| | Facsimile: (954) 356-0022 |
| | csires@bsfllp.com |
| | jgrippando@bsfllp.com |

*Attorneys for Global Digital Solutions, Inc.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

MEMORANDUM OF LAW ..................................................................................................... 2

    A.    Controlling Law ........................................................................................................ 2

    B.    An Award of Attorneys' Fees and Nontaxable Expenses Related to Attorneys' Fees Is Mandatory Under the Controlling Contractual "Prevailing Party" Provision .................... 2

    C.    Under Florida and Federal Law, GDSI's Written Submissions Are Legally Sufficient to Support an Award ........................................................................................ 3

        1.    No Evidentiary Hearing and No Expert Testimony is Required ............................ 3

        2.    GDSI's Application For Attorneys' Fees is Governed By the "Lodestar" Approach and the *Johnson Highway* Factors ............................................................ 4

    D.    Each of the Nontaxable Items Sought is Recoverable as Attorneys' Fees or Expenses Related to Attorneys' Fees ................................................................................ 6

        1.    Paralegal Fees Are Allowable as Attorney Fees ...................................................... 6

        2.    The Nontaxable Expenses Sought By GDSI Include Only Those Categories of Expenses That Courts Have Previously Recognized as "Expenses Related to Attorneys' Fees" ................................................................................ 6

    E.    Each of the Items Set For in GDSI's Bill of Costs is a Recoverable Taxable Cost With Sufficient Supporting Documentation ................................................................... 8

CONCLUSION ........................................................................................................................... 9

CERTIFICATE OF SERVICE ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Civil Liberties Union of Ga. V. Barnes*,
  168 F.3d 423 (11th Cir. 1999) .................................................................................................. 4, 5

*Armada Bulk Carriers v. ConocoPhillips Co.*,
  505 F. Supp. 2d 621 (N.D.Cal.2007) ............................................................................................ 6

*Banner Group Corp. v. U.S.*,
  2008 WL 4877000 (M.D. Fla. 2008) ............................................................................................ 8

*Blum v. Stenson*,
  465 U.S. 886 (1994) ...................................................................................................................... 5

*Capital Bank, PLC v. M/Y Birgitta*,
  No. CV 08–5893 PSG (SSx), 2010 WL 4241584 (C.D. Cal. Oct. 18, 2010) ........................................ 7

*CBT Flint Partners, LLC v. Return Path, Inc.*,
  737 F.3d 1320 (Fed. Cir. 2013) .................................................................................................. 7

*Country Vintner of N. Carolina, LLC v. E & J Gallo Winery, Inc.*,
  718 F.3d 249 (4th Cir. 2013) ...................................................................................................... 7

*E.E.O.C. v. W. Customer Mgmt. Group, LLC*,
  3:10-CV-378, 2015, WL 3750138 (N.D. Fla. June 15, 2015) ........................................................ 7

*Erie Railroad Co. v. Tompkins*,
  304 U.S. 64 (1938) ........................................................................................................................ 2

*Financial Healthcare Associates, Inc. v. Public Health Trust of Miami-Dade County*,
  2007 WL 9702902 (S.D Fla. Dec. 18, 2007) ................................................................................ 2

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...................................................................................................................... 4

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ........................................................................................................ 5

*LC Tech. Int'l, Inc. v. MediaRECOVER, LLC*,
  No. 8:03-CV-2493-T-MAP, 2007 WL 9723495 (M.D. Fla. Sept. 11, 2007) .................................. 3

*Loranger v. Stierheim*,
  10 F.3d 776 (11th Cir. 1994) ........................................................................................................ 5

*Manor Healthcare Corp. v. Lomelo*,
    929 F.2d 633 (11th Cir.1991) ............................................................................................... 8

*Martinez-Pinillos v. Air Flow Filters, Inc.*,
    2010 WL 6121708 (S.D. Fla. 2010) ..................................................................................... 8

*Mathews v. Crosby*,
    480 F.3d 1265 (11th Cir.2007) ............................................................................................. 8

*Missouri v. Jenkins*,
    491 U.S. 274 (1989) .............................................................................................................. 6

*Morris v. Arizona Beverage Co.*,
    No. 03-60907 CIV, 2005 WL 5544961 (S.D. Fla. Feb. 9, 2005) ......................................... 4

*Norman v. Hous. Auth. of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988) ........................................................................................ 4, 5

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
    674 F.3d 158 (3d Cir. 2012) ................................................................................................. 7

*Regions Bank v. Sompalli Holdings, LLC*,
    2018 WL 7050252, (M.D.Fla.2018) .................................................................................... 3

*Schafler v. Fairway Park Cond. Assoc.*,
    324 F. Supp. 2d 1302 (S.D. Fla. 2004) ............................................................................. 2, 4

*Sensormatic Electronics Corp. v. Tag Co. US*,
    No. 06–81105, 2009 WL 3208649 (S.D. Fla. Oct 2, 2009) ................................................ 8

*State Farm Mut. Auto. Ins. Co. v. Edge Family Chiropractic, P.A.*,
    41 So. 3d 293 (Fla. 1st DCA 2010) ..................................................................................... 6

*Taniguchi v. Kan Pacific Saipan, Ltd.*,
    566 U.S. 560 (2012) .............................................................................................................. 8

*Taylor Industrial Construction, Inc. v. Westfield Ins. Co.*,
    2020 WL 1873595 (M.D. Fla. Apr. 15, 2020) ..................................................................... 6

*TCC Air Services, Inc. v. Schlesinger*,
    No. 05–80543, 2009 WL 565516 (S.D. Fla. March 5, 2009) .............................................. 8

*Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*,
    697 F. Supp. 2d 1349 (S.D. Fla. 2010) ................................................................................ 4

*Wachovia Bank v. Tien*,
    No. 04-20834, 2015 WL 10911506 (S.D. Fla. Apr. 7, 2015) .............................................. 5

## **Statutes**

28 U.S.C. § 1920 .................................................................................................................... 1, 9

28 U.S.C. § 1920(4) .................................................................................................................. 7

28 U.S.C. § 1331 ....................................................................................................................... 2

28 U.S.C.§ 1920(6) ............................................................................................................... 7, 8

## **Rules**

Fed. R. Civ. P. 54 ...................................................................................................................... 2

Fed. R. Civ. P. 54(d) ................................................................................................................. 8

Fed. R. Civ. P. 54(d)(2) ......................................................................................................... 1, 2

Fed. R. Civ. P. 54(d)(2)(A) ....................................................................................................... 2

Fed. R. Civ. P. 54(d)(2)(B)(ii-iii) .............................................................................................. 2

Pursuant to Federal Rule of Civil Procedure 54(d)(2), Fed. R. Civ. P., Local Rule 7.3, Rules of the U.S. District Court for the Southern District of Florida, Plaintiff Global Digital Solutions, Inc. ("GDSI") respectfully moves, pursuant to this Court's entry of Final Judgment (DE 276), for an award attorneys' fees in the amount of $2,511,797.65[1] nontaxable expenses related to attorneys' fees in the amount of $341,220.74, and taxable costs in the amount of $34,918.77, and such other and further relief as the Court deems just and proper. In support, GDSI submits a memorandum of law, which is incorporated below, and the Declaration of Carlos M. Sires, Esq. ("Sires Declaration"), which is filed contemporaneously with this Motion.[2] The basis for the award of attorneys' fees and nontaxable expenses related to attorneys' fees is the Share Purchase and Sale Agreement, dated October 8, 2015 ("SPA"), which provides that the prevailing party shall be entitled to recover from the opposing party "all reasonable expenses . . . including attorney's fees and expenses." (D.E. 1 at Ex. A; SPA §10.9.) The basis for the award of taxable costs is 28 U.S.C. § 1920.

Plaintiff requests that this award be entered and be enforceable, jointly and severally, against all Defendants, Grupo Rontan Electro Metalurgica, S.A. ("Rontan"), Joao Alberto Bolzan, and Jose Carlos Bolzan (collectively, "the "Defendants").

---

[1] The requested amount includes reasonable attorneys' fees for (a) BSF in the amount of $2,213,875, including (i) $96,288 for pre-filing services rendered from May 2016 through October 2017 under an hourly fee arrangement (Sires Declaration Ex. 1.A.), and $2,337,903 for services rendered after October 2017 under a partial contingency fee arrangement (Sires Declaration Ex.1.B.); (b) the Brazilian law firm of Mattos Filho, Veiga Filho, Marrey Jr. e Quiroga Advogados ("Mattos Filho") in the amount of $75,131.65 (Sires Declaration Ex. 1.C.); and Paul Weiss Rifkind Wharton Garrison LLP (former BSF partner William Isaacson) in the amount of 2,475. (Sires Declaration Ex. 1.D.)

[2] *See* Plaintiff GDSI's Notice of Filing Declaration of Carlos M. Sires, Esq. (With Exhibits) in Support of Plaintiff's Motion for Award of Attorneys' Fees, Nontaxable Expenses Related to Attorneys' Fees and Taxable Costs.

**MEMORANDUM OF LAW**

    A.    **Controlling Law**

Federal jurisdiction in this matter is predicated upon diversity of citizenship and 28 U.S.C. § 1331. Under the doctrine set out in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78 (1938), when federal court jurisdiction rests on diversity of citizenship, the federal court must apply the substantive law of the forum State, and federal law governs procedure. *Financial Healthcare Associates, Inc. v. Public Health Trust of Miami-Dade County*, 2007 WL 9702902 (S.D Fla. Dec. 18, 2007). Florida law and Federal law are not in conflict with respect to the award of attorneys' fees and expenses based on a contractual prevailing-party provision. *Id.* (citing *Schafler v. Fairway Park Cond. Assoc.*, 324 F. Supp. 2d 1302, 1309-1313 (S.D. Fla. 2004)). Accordingly, this Court may look to both Florida and federal law. *Id.*

    B.    **An Award of Attorneys' Fees and Nontaxable Expenses Related to Attorneys' Fees Is Mandatory Under the Controlling Contractual "Prevailing Party" Provision**

Rule 54(d)(2)(A) allows a party to make a claim for attorneys' fees and nontaxable expenses related to attorneys' fees by motion. Fed. R. Civ. P. 54(d)(2). The requesting party must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii-iii).

In accordance with Rule 54, the "amount sought" is set forth in the above motion and in the Sires Declaration. As for the "grounds entitling the movant to the award," GDSI seeks the recovery of attorneys' fees and nontaxable expenses related to attorneys' fees based on an express contractual provision mandating such an award. As this Court recognized in the Final Judgment, "Pursuant to the Agreement, Plaintiff is "entitled to recover all reasonable expenses relating [to this action] (including attorney's fees and expenses) from [Defendants]" (DE 276, at ¶ 2.g.) Specifically, GDSI and each of the Defendants was a signatory and a party to the SPA, which provides in pertinent part:

> If any legal action or other proceeding relating to this Agreement, the agreements contemplated hereby, the transactions contemplated hereby or thereby or the enforcement of any provisions of this Agreement or the agreements contemplated hereby is brought against any party, ***the prevailing party*** in such action or proceeding ***shall be*** entitled to recover ***all reasonable expenses relating thereto (including attorney's fees and expenses)*** from the party against which such action or proceeding is brought in addition to any other relief to which such prevailing party may be entitled.

(D.E. 1 at Ex. A.; SPA §10.9) (emphasis added.)  This provision is mandatory: attorneys' fees and litigation expenses "***shall*** be" awarded to the "prevailing party." *Id.* (emphasis added.)

GDSI is the "prevailing party" within the meaning of SPA §10.9. GDSI's breach of contract action relates to the SPA, the agreements contemplated by the SPA, the transactions contemplated by the SPA, and the enforcement of the provisions of the SPA and of agreements contemplated by the SPA.  The Court entered an Order granting GDSI's motion for a default judgment as to liability (D.E. 206); and an Order finding that GDSI is entitled to specific performance and damages incident to a decree of specific performance (D.E. 205).  A Final Judgment in favor of GDSI was entered on February 3, 2021. (DE 276.)

### C. Under Florida and Federal Law, GDSI's Written Submissions Are Legally Sufficient to Support an Award

#### 1. No Evidentiary Hearing and No Expert Testimony is Required

Federal courts in the Eleventh Circuit are in accord that, to the extent that some Florida state court decisions suggest that an award of attorneys' fees requires an evidentiary hearing and the presentation of expert testimony, these requirements of state-court practice have no application in a federal action.  As one court recently stated,

> Even if the majority of Florida courts require expert testimony, under Eleventh Circuit law, a federal court is not required to hold an evidentiary hearing to decide a motion for attorney's fees and 'a court may rely on its own expertise in determining what constitutes a reasonable and proper fee, and need not rely on the testimony of expert witnesses.'

*Regions Bank v. Sompalli Holdings, LLC*, 2018 WL 7050252, (M.D.Fla.2018) (quoting *LC Tech. Int'l, Inc. v. MediaRECOVER, LLC*, No. 8:03-CV-2493-T-MAP, 2007 WL 9723495, at *2 (M.D. Fla. Sept. 11, 2007).

The seminal case on this issue is *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988), in which the Eleventh Circuit stated that "[t]he court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees...." *Id.* The decision in *Norman* and its progeny is soundly rooted in the application of *Erie* principles. *See Schafler v. Fairway Park Condominium Ass'n*, 324 F. Supp. 2d 1302, 1311 (S.D.Fla.2004) (assuming arguendo that the Florida rule as to the necessity of expert testimony as enunciated by state appellate courts constitutes a conflict with the federal rule, application of the "outcome determinative test" means that the state rule is procedural for Erie purposes); *Morris v. Arizona Beverage Co.*, No. 03-60907 CIV, 2005 WL 5544961, at *8 (S.D. Fla. Feb. 9, 2005) ("[t]o the extent [Defendants] believe[] that Florida state courts require a fee applicant to present testimony from someone other than a lawyer working on the case to establish the reasonableness of the fee award, such a rule is procedural for Erie2 purposes and therefore is inapplicable to this action."); *see also Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1358 (S.D. Fla. 2010).

### 2. GDSI's Application For Attorneys' Fees is Governed By the "Lodestar" Approach and the *Johnson Highway* Factors

In making this submission, GDSI has been mindful of the guidance provided by Eleventh Circuit precedent as to the type of evidence that the fee claimant should produce in support of a fee claim:

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, [ ] counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

*American Civil Liberties Union of Ga. V. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citations and quotations omitted). In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours,

which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original).

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1994). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). In computing the lodestar amount, courts should consider: (1) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent. *Wachovia Bank v. Tien*, No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (listing nearly identical factors to consider in determining a reasonable attorney's fee)).

Each of these factors is addressed in detail in the Sires Declaration, which is incorporated herein by reference.

### D. Each of the Nontaxable Items Sought is Recoverable as Attorneys' Fees or Expenses Related to Attorneys' Fees

#### 1. Paralegal Fees Are Allowable as Attorney Fees

In addition to the time devoted by licensed attorneys to this case, GDSI seeks to recover for certain paralegal time. Case law confirms that paralegal fees are recoverable as part of an award of attorney's fees. *See Taylor Industrial Construction, Inc. v. Westfield Ins. Co.*, 2020 WL 1873595 (M.D. Fla. Apr. 15, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Edge Family Chiropractic, P.A.*, 41 So. 3d 293, 296–97 (Fla. 1st DCA 2010)). However, hours expended on clerical or secretarial work should not be billed at a paralegal rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (stating "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

#### 2. The Nontaxable Expenses Sought By GDSI Include Only Those Categories of Expenses That Courts Have Previously Recognized as "Expenses Related to Attorneys' Fees"

The SPA expressly provides in a successful "action or proceeding," the "prevailing party … shall be entitled to recover ***all reasonable expenses relating thereto (including attorney's fees and expenses)***." (DE 1; SPA at §10.9) (emphasis added).) GDSI seeks reimbursement of reasonable expenses related to attorneys' fees in the following five categories: 1) professional fees and expenses for GDSI's damages expert; 2) payments to third-party vendor Rational Enterprises in connection with ESI discovery; (3) out of pocket travel expenses for airfare and lodging incurred by witnesses and attorneys; (4) document translation expenses; and (5) cost of court-ordered mediation. Each of these categories is recoverable as a nontaxable litigation expense related to attorneys' fees.

First, courts have construed a broad fee shifting provision, such as the one set forth in the SPA, to include an award of expert witness fees. *See Armada Bulk Carriers v. ConocoPhillips Co.*, 505 F. Supp. 2d 621, 623 (N.D.Cal.2007) (in a case applying New York law, awarding expert fees because the contract provision for reimbursement of the prevailing party's costs and expenses was broad, specifying that "all

6

costs and expenses (including reasonable attorney fees) shall be recoverable"); *Capital Bank, PLC v. M/Y Birgitta*, No. CV 08–5893 PSG (SSx), 2010 WL 4241584, at *6 (C.D. Cal. Oct. 18, 2010) (awarding $96,327.95 in expert witness fees because the cost provisions of the parties' contract allowed for reimbursement to the prevailing party of "all costs and expenses ... reasonably incurred ...").

Second, ESI-related discovery has become such an essential part of modern litigation that the only disagreement among courts is not whether this expense is recoverable as a nontaxable litigation expense under a "prevailing party" provision, but whether such costs are *taxable* under 28 U.S.C. § 1920(4), under which a court may award "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Circuits have split on the issue.[3] GDSI elected to seek reimbursement as a nontaxable expense related to attorneys' fees because the Eleventh Circuit has not yet decided the issue.

Third, reasonable travel expenses, including airfare and lodging for attorneys and witnesses, is recoverable where an award of nontaxable expenses is authorized. *See E.E.O.C. v. W. Customer Mgmt. Group, LLC*, 3:10-CV-378, 2015 WL 3750138, at *3 (N.D. Fla. June 15, 2015) (awarding nontaxable expenses of airfare and lodging for non-local counsel after finding them reasonable and sufficiently itemized).

Fourth, GDSI's request for reimbursement of document translations expenses as a nontaxable expense is in keeping with the Supreme Court's holding that 28 U.S.C.§ 1920(6), which states that the

---

[3] The Third Circuit Court of Appeals has held that ESI-related discovery costs are taxable. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012) ("costs of making copies of any materials" under section 1920 included various services the electronic discovery vendor performed, including scanning of hard copy documents, the conversion of native files to the agreed-upon default format for production of electronically stored information ("ESI"), and the transfer of VHS tapes to DVD). The Fourth Circuit Court of Appeals has taken a strict approach. *Country Vintner of N. Carolina, LLC v. E & J Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013) (holding that eDiscovery costs are not taxable). The Federal Circuit has held that eDiscovery costs are partly recoverable. *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013).

"compensation of interpreters" is a taxable cost awardable to the prevailing party, does not include the cost of translating documents from a foreign language into English. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 574 (2012) ("Because the ordinary meaning of 'interpreter' is someone who translates orally from one language to another, we hold that the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation.") Accordingly, in its Bill of Costs (Ex. 5), GDSI has included only the cost of the interpreter used in the deposition of Jaoa Balzon, Jose Bolzan, Daniela Costa Bolzan, and Clovis Paulino. GDSI therefore seeks recovery of document translation expenses under the "prevailing party" contractual provision.

Fifth, mediation fees are awardable under a contractual fee shifting provision where the contract does not limit recoverable litigation expenses to taxable costs. *See, e.g.*, *Banner Group Corp. v. U.S.*, 2008 WL 4877000 at *7-*8 (M.D. Fla. 2008) (mediation expenses awarded pursuant to contract where contract did not limit expenses to taxable expenses), *report and recommendation adopted*, 2008 WL 4610238 (M.D. Fla. 2008).

### E. Each of the Items Set For in GDSI's Bill of Costs is a Recoverable Taxable Cost With Sufficient Supporting Documentation

"While a prevailing party 'must provide evidence to show that the costs it seeks are recoverable and were reasonably incurred,' Rule 54(d) provides a strong presumption that a prevailing party will be awarded costs." *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708, at *2 (S.D. Fla. 2010) (quoting *TCC Air Services, Inc. v. Schlesinger*, No. 05–80543, 2009 WL 565516, at *6 (S.D. Fla. March 5, 2009)). *See also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.2007). "Where a party challenges the costs requested, the burden lies with the challenging party." *Sensormatic Electronics Corp. v. Tag Co. US*, No. 06–81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct 2, 2009); *see also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir.1991) (observing that the language of Rule 54(d) creates a presumption of awarding costs to the prevailing party which the losing party must overcome).

8

In accordance with Local Rule 7.3., GDSI has prepared a Bill of Costs utilizing Form AO 133, itemizing each taxable cost recoverable under 28 U.S.C. § 1920 and supporting each item with appropriate documentation. A copy of the completed Bill of Costs, with supporting documentation, is attached to the Sires Declaration as Exhibit 5. The Sires Declaration provides additional support for the recoverability of each item as a taxable cost, and the Declaration is incorporated herein by reference.

## CONCLUSION

For the reasons stated in this motion, memorandum, the Sires Declaration and additional supporting materials, GDSI requests that the court award the requested attorneys' fees, nontaxable expenses related to attorneys' fees, and taxable costs.

Dated: February 17, 2021

Respectfully submitted,

**PAUL WEISS RIFKIND, WHARTON & GARRISON LLP**

**BOIES SCHILLER FLEXNER LLP**

William A. Isaacson, Esq.
(*Pro Hac Vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
wisaacson@paulweiss.com

By: */s/ Carlos M. Sires*
Carlos M. Sires, Esq.
(Fla. Bar No. 319333)
James Grippando, Esq
(Fla. Bar No. 383015)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
csires@bsfllp.com
jgrippando@bsfllp.com

*Attorneys for Global Digital Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on February 17, 2021.

> By: /s/ *Carlos M. Sires*
> Carlos M. Sires, Esq.