# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:18-80106-CIV-Middlebrooks/Brannon

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN.

    Defendants.
_____/

## RESPONSE OF DEFENDANTS TO ORDER TO SHOW CAUSE AND PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, NONTAXABLE EXPENSES RELATED TO ATTORNEYS' FEES, AND TAXABLE COSTS

Defendants, GRUPO RONTAN ELECTRO METALURGICA, S.A. ("Rontan"), JOAO ALBERTO BOLZAN, and JOSE CARLOS BOLZAN, respond to the Court's *sua sponte* Order to Show Cause [DE 280] and to Plaintiff's Motion for Award of Attorneys' Fees, Nontaxable Expenses related to Attorneys' Fees and Taxable Costs ("Motion") [DE 277], and state:

### Response to Order to Show Cause

1. Plaintiff filed its Motion seeking attorneys' fees and costs after this Court entered a Final Judgment [DE 276] against Defendants for specific performance and incidental damages.

2. Plaintiff filed the Motion on February 17, 2021, while Defendants were in the midst of going through the process of determining whether to file post judgment motions or an appeal. The response time was not properly calendared for the Motion and therefore undersigned did not timely file the Response. Defendants' Response to the Motion is set forth below and Defendants request this Court find there is good cause as to why the Response was not timely filed.

3.      Additionally, there is no prejudice to Plaintiff by the Response being filed at this time.

## Response to Plaintiff's Motion

4.      Defendants do not contest the issue of Plaintiff being the prevailing party and being entitled to reasonable attorneys' fees and expenses pursuant to section 10.9 of the SPA. However, Defendants do contest the Motion on three separate issues: (1) Pursuant to the SPA, Plaintiff is not entitled to pre-litigation attorney's fees or costs; (2) The hourly rates charged by Plaintiff's counsels and paralegals are not reasonable; and (3) The Non-Taxable Expenses related to ESI discovery are not recoverable.

### I.      Pre-Litigation Attorney's Fees and Costs are Not Recoverable Pursuant to Section 10.9 of the SPA

5.      Plaintiff seeks attorney's fees and costs pursuant to Section 10.9 of the SPA, which states, in pertinent part:

> If any legal action or other proceeding relating to this Agreement, the agreements contemplated hereby, the transactions contemplated hereby or thereby or the enforcement of any provision of this Agreement, the agreements contemplated hereby, the transactions contemplated hereby or thereby or the enforcement of any provision of this Agreement or the agreements contemplated hereby is brought against any party, the prevailing party in such action or proceeding shall be entitled to recover all reasonable expenses related thereto (including attorney's fees and expenses) from the party against which action or proceeding is brought.

6.      Under Florida law, absent a specific statutory or contractual provision, a prevailing litigant has no general right to entitlement. *International Fidelity Insurance Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th 2018). Courts have held this rule is not limited to attorney's fees, but also prohibits the recovery of pre-litigation costs related to the investigation and preparation of the legal claims. *James D. Hinson Electrical Co., Inc. v. Bellsouth Telecommunications, Inc.*, 796 F.Supp.2d 1341, 1351 (M.D. Fla. 2011). Under Florida law, a

contractual attorney fee provision must be strictly construed. *International Fidelity Insurance Co.*, 906 F.3d at 1335. If the agreement is ambiguous, the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed. *Id.* at 1336. Contractual language is to be interpreted according to its plain meaning and in accordance with generally accepted rules of construction to give effect to the intent of the parties. *Id.*

7. Plaintiff is seeking pre-litigation attorney's fees and costs, which is it not entitled to recover pursuant to the SPA. The language of Section 10.9 does not provide a provision for pre-litigation attorney's fees or pre-litigation costs. The contractual provision is dependent on a legal action or other proceeding being filed, but does not mention pre-litigation fees or costs.

8. Plaintiff is now seeking pre-litigation fees and costs, which is contrary to the express terms of the SPA. [Sires Declaration DE 278-1, p. 10-11]. By reviewing the plain language of Section 10.9, Plaintiff is not entitled to recover any pre-litigation fees or costs because the SPA does not have language permitting the recovery.

II. The Hourly Rates Charged by Plaintiff and Plaintiff's Paralegals are Unreasonable

9. Defendants are in agreement with Plaintiff that the lodestar method is proper to determine the reasonableness of an award of attorney's fees. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. *Id.* at 1299. The applicant bears the burden to produce satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.*

10. The hourly rates charged by Plaintiff's counsel and paralegals are clearly in excess of the customary fee charged for such work in Florida. [DE 278-1, p.22]. The Sires Declaration sets forth the findings from the 2018 Florida Bar survey of average hourly rates charged in matters

involving hourly fee arrangements. The survey sets forth the median hourly rate for a Florida lawyer is in excess of $300. The survey states 49% of all lawyers in Florida are charging hourly rates in excess of $300 an hour. Additionally, the survey states 23% of lawyers in Florida are charging an hourly rate in excess of $400 an hour. Taking these two statistics, 77% of lawyers in Florida charge less than $400 an hour.

11. Plaintiff's hourly rates for its attorneys were $1,230 per hour for Mr. Isaacson, $950-990 per hour for Mr. Sires, $630 per hour for Mr. Olson, and $380 per hour for Mr. Agramonte. The paralegals hourly rates were $330 an hour for Mr. Calvin, $310 an hour for Ms. Lee, $280 an hour for Ms. Perkins and $260 an hour for Mr. Boises. Plaintiff is also attempting to collect fees for its Brazilian attorneys who charged between $580 and $190 per hour.

12. The paralegals rates charged are comparable to median attorney hourly rate for Florida attorneys. Plaintiff provided no evidence as to the customary rates for paralegals in Florida. Given the amounts charged for Plaintiff's paralegals is greater than the mean hourly rate for an attorney, the amounts charged for the paralegals are clearly unreasonable and should be substantially reduced. Additionally, without evidence to support a proper rate for paralegals, Plaintiff has failed to meet its burden to prove what a reasonable rate would be and should be precluded from recovering the paralegal fees.

13. Moreover, the rates being charged by counsels for Plaintiff are even more outrageous. Taking the statements set forth in the Sires Declaration of the median hourly rate and that only 23% of Florida lawyers charge in excess of $400 an hour, the hourly charges of $1,230, $990, $950, $850 and $630 an hour are extremely excessive. Mr. Olson has an hourly rate of $630 an hour, and from the Sires Declaration it appears Mr. Olson had been practicing for approximately five years when he completed his work on the file in 2019. If the median hourly rate for Florida

lawyers is in excess of $300 an hour, but less than $400 an hour, an attorney practicing less than five years should not be permitted to charge more than double the mean. Furthermore, the Senior Attorney rates are even more egregious in that the rates for three to four times the mean in Florida. Defendants understand the Senior Attorneys for Plaintiff have sufficient experience, but the rates cannot be viewed as reasonable given the rates charged by other Florida lawyers as set forth in the Sires Declaration.

14. None of the hourly rates charged by Plaintiff counsel are reasonable when comparing the rates to other Florida lawyers, and it is not even close. The rates are excessive and should be extremely discounted.

### III. The Non-Taxable Costs Related to ESI-Related Discovery Should Not be Recoverable

15. Plaintiff is also seeking the award of non-taxable costs related to ESI-related discovery. Plaintiff is requesting the Court follow the Third Circuit's decision rather than the contradictory ruling from the Fourth Circuit's ruling, or the partial contradictory decision of the United State Court of Appeal, Federal Circuit. Defendants request this Court follow the strict approach set forth in *Country Vintner of North Carolina, LLC v. E&J Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013).

16. The Fourth Circuit held the party's ESI processing charges did not constitute "costs of making copies…necessarily obtained for use in the case. *Id.* at 258. The Court focused on the plain language of the statute which language states "making copies" and gave the term its ordinary meaning since there is no specific definition for it in the statute. *Id.*

17. Applying the Fourth's reasoning the ESI-related discovery costs are not recoverable by Plaintiff.

WHEREFORE, Defendants request this Court find there was good cause as to why the Response to the Motion was not timely filed, award Plaintiff reasonable attorneys' fees comparable to the reasonable fees in Florida without awarding pre-litigation attorney's fees and costs, and only award those costs which are recoverable.

Dated this 12th day of March, 2021.

> Reifkind, Thompson & Rudzinski, LLP
> Attorneys for Defendants
> 3333 W. Commercial Blvd., Suite 200B
> Fort Lauderdale, FL 33309
> Tel: (954) 370-5152
> Fax: (954) 370-1992
> Email: bgottlieb@rtrlaw.com
> msued@rtrlaw.com
>
> By: /s/ *Brian D. Gottlieb*
> BRIAN D. GOTTLIEB, ESQ.
> F.B.N. 0015302

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of March, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel of record, Carlos Sires, Esq. – csires@bsfllp.com and William Isaacson, Esq. – wisaacson@bsfllp.com, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed of Electronic Filing.

> By: /s/ *Brian D. Gottlieb*
> Brian D. Gottlieb, Esq.
> Florida Bar No. 0015302