**SOUTHERN DISTRICT OF FLORIDA**
Case No. 9:18-CV-80106-DMM

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

vs.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,

JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

    Defendants.
_____/

**PLAINTIFF GDSI'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, NONTAXABLE EXPENSES RELATED TO ATTORNEYS' FEES AND TAXABLE COSTS (DE 277)**

Plaintiff Global Digital Solutions, Inc. ("GDSI"), respectfully submits this Reply Memorandum in support of Plaintiff's Motion for Award of Attorneys' Fees, Nontaxable Expenses Related to Attorneys' Fees and Taxable Costs (DE 277) ("Plaintiff's Fee Motion").

Defendants, Grupo Rontan Electro Metalurgica, S.A. ("Rontan"), Joao Alberto Bolzan, and Jose Carlos Bolzan (collectively, the "Defendants") failed to file a timely response to the Plaintiff's Fee Motion. In response to this Court's Order to Show Cause, (DE 280), Defendants submit no evidence in opposition to Plaintiffs' Fee Motion. Nor do they contend that Plaintiff's evidentiary showing in support of the motion is in any way insufficient. In fact, Defendants concede, as they must, that Plaintiff is the "prevailing party" within the meaning of the applicable agreement. (DE 282, at 2.) They raise three narrow points in their opposition: (1) Plaintiff is not entitled to pre-litigation attorney's fees or costs; (2) the hourly rates charged by Plaintiff's counsel and paralegals are not reasonable; and (3) The Non-Taxable Expenses related to ESI discovery are not recoverable. Each of these points is without merit.

### A. The SPA covers pre-filing investigation legal fees and costs.

Section 10.9 of the SPA provides that that if any legal action is brought under the agreement, "the prevailing party in such action or proceeding shall be entitled to recover ***all reasonable expenses relating thereto*** (including attorney's fees and expenses) from the party against which such action or proceeding is brought." (D.E. 1 at Ex. A.; SPA §10.9) (emphasis added.) Defendants argue that the requirement of filing an action establishes a temporal cut off for the cover of fees relating to the action: only fees incurred after the filing, Defendants argue, are recoverable. (DE 282, at 2).

In essence, Defendants' position is that a reasonable pre-filing investigation is not an expense "relating to" the filing of a civil action. Such an argument runs contrary to common sense, not to mention the federal rules. See Fed. R. Civ. P. 11. Indeed, this Court's adoption of Defendants' position would encourage litigants to file first and investigate only after filing, so as to make sure all fees and expenses are recoverable. Under the plain language of the SPA, and in the interests of the fair and efficient administration of justice, Defendants' argument should be rejected. Reasonable fees incurred prior to the filing of a complaint in federal court are not merely "related to" a legal action; they are an essential pre-requisite. They are clearly recoverable under the SPA.

### B. The Hourly Rates Are Reasonable, Particularly in light of the relevant risk factors

The rates set forth in the Sires Declaration for each of the attorneys and paralegals who worked on this matter are the actual, standard rates applicable during the relevant time period. Defendants have offered no evidence of their own to establish that these rates are unreasonable. As set forth in Plaintiff's Fee Motion and supporting materials, the rates are on their face reasonable in a matter of this complexity.

For example, this Court and the parties have cited previously to Judge Martinez's rulings in *Qantum, Comm'ns Corp. v. Star Broadcasting, Inc.,* the *Quantum* case, 473 F. Supp. 2d 1249 (S.D. Fla. 2007), a case which is factually and procedurally analogous to this one. There, as here, the court entered a default as to liability based on defendants' willful discovery violations. Following an evidentiary hearing, the court entered a decree of specific performance that required the parties to close on an acquisition, and the Court further awarded of damages incident to specific performance. *Id.* at 1267 (awarding specific performance and approving plaintiff/buyer's request, "consistent with Florida law, that Qantum receive a reduction in purchase price commensurate with its damages, attorney's fees, and costs). Subsequently, Judge Martinez awarded over a $1.5 million dollars in attorneys' fees to the plaintiff as the prevailing party.[1] In 2009—***nearly twelve years ago***—the Court approved as reasonable an hourly rate of $575 for partners in that case.[2]

Further, as set forth in the Sires Declaration, the fee arrangement in this case is not an "hourly" engagement. Plaintiff's counsel has now worked nearly five years under a contingency fee arrangement and undertaken significant risk of nonpayment. Florida law allows a lodestar multiplier in contingency fee cases. *Standard Guar. Ins. Co. v. Quanstrom,* 555 So. 2d 828, 834 (Fla. 1990). In *Quanstrom,* the Court established the following parameters as to the amount of the multiplier:

> If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may

---

[1] By Order dated June 8, 2007, Judge Martinez awarded $1,152,493 in attorneys' fees and costs incurred by Qantum prior to May 10, 2007. *Qantum II,* 491 F. Supp. 2d 1123 (S.D. Fla. 2007). On September 17, 2009, Judge Martinez entered a supplemental Order awarding an additional $304,469.91 in costs and fees incurred through October 22, 2008. Finally, on November 9, 2009, Judge Martinez awarded another $63,212.50 in fees and $443.68 in nontaxable costs. (Qantum D.E. 335.)

[2] A copy of the *Qantum* plaintiffs' verified fee petition (*Qantum* D.E. 330-1) is attached to the Sires Declaration as Ex. 7, setting forth the *Qantum* lawyers' 2009 hourly rates.

>apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.* at 834.

Thus, even if this Court were to turn the back the hands of time to 2009, when $575 was a reasonable hourly rate, the application of even a modest multiplier would render the hourly rate reasonable, and therefore the full amount of the requested fees reasonable as well.

### C. Cost related to ESI discovery are recoverable as "expenses related to attorneys' fees."

Defendants ask this Court to reject Plaintiffs' request for reimbursement of ESI-related discovery expenses as a taxable cost under 28 U.S.C. §1920(4). Defendants completely misread Plaintiff's application.

Plaintiff seeks reimbursement of ESI-related discovery costs under contract, not under statute. As noted above, the SPA provides that "the prevailing party … shall be entitled to recover ***all reasonable expenses relating [to an action or proceeding]*** (including attorney's fees and expenses) from the party against which such action or proceeding is brought." (D.E. 1 at Ex. A.; SPA §10.9) (emphasis added.) In their motion, Plaintiff acknowledged that the Circuits are split on the question of whether ESI-related discovery is a *taxable* cost under 28 U.S.C. §1920(4). (DE 277, at 7.) In today's world, however, there is no debate as to whether ESI-related discovery costs constitute a reasonable expense "relating to" litigation as a matter of contract interpretation.

## CONCLUSION

For the reasons set forth above and in the opening motion and supporting materials, this Court should approve the application for reasonable attorneys' fees, reasonable expenses related to attorneys' fees and taxable costs in the full amount requested.

Dated: March 19, 2021

**PAUL WEISS RIFKIND, WHARTON & GARRISON LLP**

William A. Isaacson, Esq.
(*Pro Hac Vice*)
2001 K Street, NW
Washington, DC 20006-1047
Telephone:  (202) 223-7300
Facsimile:   (202) 223-7420
wisaacson@paulweiss.com

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Carlos M. Sires*
       Carlos M. Sires, Esq.
       (Florida Bar No. 319333)
       James Grippando, Esq
       (Florida Bar No. 383015)
       401 East Las Olas Blvd., Suite 1200
       Fort Lauderdale, FL   33301
       Telephone:  (954) 356-0011
       Facsimile:   (954) 356-0022
       csires@bsfllp.com
       jgrippando@bsfllp.com

*Attorneys for Global Digital Solutions, Inc.*

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on March 19, 2021.

                By: /s/ *Carlos M. Sires*
                   Carlos M. Sires, Esq.