UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-80106-CV-MIDDLEBROOKS

GLOBAL DIGITAL SOLUTIONS, INC.,

    Plaintiff,

v.

GRUPO RONTAN ELECTRO METALURGICA, S.A.,
JOAO ALBERTO BOLZAN, and
JOSE CARLOS BOLZAN,

    Defendants.
_____/

## ORDER ON ATTORNEYS' FEES AND COSTS

THIS CAUSE comes before the Court upon Plaintiff's Motion for Award of Attorneys' Fees, Nontaxable Expenses Related to Attorneys' Fees, and Taxable Costs ("Motion" or "Motion for Fees and Costs"), filed on February 17, 2021. (DE 277). The Motion is fully briefed. (DE 282; DE 287). For the following reasons, the Motion is granted in part and denied in part.

On February 3, 2021, I entered a Final Judgment in Plaintiff's favor. (DE 276). This Motion for Fees and Costs followed. (DE 277). Pursuant to the Parties' Share Purchase and Sale Agreement ("Agreement"), Plaintiff is "entitled to recover all reasonable expenses relating [to this action] (including attorney's fees and expenses) from [Defendants] . . . ." (*See* DE 55-1 at 15–16).

Plaintiff seeks $2,511,797.65 in attorneys' fees and $341,220.74 in nontaxable costs pursuant to the Parties' Agreement, as well as $34,918.77 in taxable costs under 28 U.S.C. § 1920. (DE 277 at 6). Defendants raise only three challenges to the Motion, each of which I address below.

1. **Pre-Litigation Attorneys' Fees and Costs**

Defendants first assert that Plaintiff is not entitled to recover pre-litigation attorneys' fees and costs under the Parties' Agreement. (DE 282 at 2). In relevant part, the Agreement provides:

> If any legal action or other proceeding relating to this Agreement, the agreements contemplated hereby, the transactions contemplated hereby or thereby or the enforcement of any provision of this Agreement or the agreements contemplated hereby is brought against any party, the prevailing party in such action or proceeding shall be entitled to recover all reasonable expenses relating thereto (including attorney's fees and expenses) from the party against which such action or proceeding is brought in addition to any other relief to which such prevailing party may be entitled.

(DE 55-1 at 15–16). I have already found, and Defendants do not dispute, that Plaintiff is "entitled to recover all reasonable expenses relating [to this action] (including attorney's fees and expenses) from [Defendants] . . . ." (*See* DE 275; DE 276). However, Defendants argue that Plaintiff is not entitled to recover pre-litigation fees and costs because the above fees provision "does not provide . . . for pre-litigation attorney's fees or pre-litigation costs" and "is dependent on a legal action or other proceeding being filed, but does not mention pre-litigation fees or costs." (DE 282 at ¶ 7).

I find untenable Defendants' assertion that recovery of pre-litigation fees and costs would be "contrary to the express terms of the [Agreement]" (*id.* at ¶ 8). Rather, I agree with Plaintiff that the fees provision is broad in permitting recovery of "all reasonable expenses relating [to this action] (including attorney's fees and expenses)" and that pre-litigation fees and costs are clearly *related to* this action. (*See* DE 55-1 at 16; DE 287 at 2). Thus, I reject Defendants' first argument.

2. **Hourly Rates**

Defendants also take issue with the hourly rates of Plaintiff's attorneys and their paralegals, primarily arguing that the attorneys' rates are significantly higher than Florida's median hourly rate and that Plaintiff fails to provide the customary rates for paralegals. (*See* DE 282 at ¶¶ 9–14).

2

"The starting point for determining the amount of a 'reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under this method, the Court must determine whether the fee applicant has established that the requested hourly rate is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). "Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.* Additionally, "[t]he general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (internal quotation marks omitted) (citation omitted).

With respect to the hourly rates of Plaintiff's counsel's four paralegals, which range from $260 to $330, I agree with Defendants that Plaintiff failed to meet its burden of establishing that the paralegals' rates are reasonable given that "Plaintiff provided no evidence as to the customary rates for paralegals in Florida" (DE 282 at ¶ 12). Further, fees motions must provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought[.]" S.D. Fla. L.R. 7.3(a)(5)(A). Although Plaintiff provides a description of one paralegal's high level of experience, it provides no information regarding the level of experience of the remaining three paralegals. (*See* DE 278-1 at ¶ 6). Based upon the foregoing considerations, I find the rate of $150 per hour to be reasonable for the experienced paralegal; however, without any information regarding the remaining paralegals' experience, I will adjust their hourly rates downward to $125.

Turning to the attorneys' rates, Plaintiff's counsel represents that the hourly rates of the attorneys at Boies Schiller Flexner LLP range from $380 to $1,230, and that the hourly rates of the twenty attorneys at Mattos Filho, the Brazilian law firm retained to assist on this matter, range from $190 to $580. (DE 278-1 at ¶¶ 7, 11). Defendants argue that the hourly rates of $1,230, $990, $850, and $630 are excessive for the Boies Schiller Flexner LLP attorneys who worked on this matter. The attorneys charging these challenged rates are excellent attorneys. Even so, however, I have carefully considered their experience and reputation in light of the prevailing market rates in the Southern District of Florida, and I find the reduced hourly rates of $820, $660, $567, and $420, respectively, to be reasonable.[1] In reducing these particular attorneys' rates, I am guided by my own judicial experience, and I am also persuaded by Plaintiff's counsel's Declaration, which notes that the 2018 median hourly rate of Florida attorneys is approximately $300 and that "[i]n south Florida [in 2018], 23% of lawyers charged an average hourly rate in excess of $400." (*See id.* at ¶ 45). For the same reasons, and without sufficient information regarding the experience and qualifications of most of the Mattos Filho attorneys, I will reduce the hourly rates of those twenty attorneys by the same proportion.

Applying the updated hourly rates to the hours expended by Plaintiff's counsel in this matter (which Defendants do not oppose in their Response to the Motion), Plaintiff's counsel's fee award amounts to a total of $1,710,093.97, consisting of $1,658,776.20 to Boies Schiller Flexner LLP,[2] $50,087.77 to Mattos Filho, and $1,230 to Paul Weiss Rifkind Wharton Garrison LLP.

---

[1] I will not reduce the remaining Boies Schiller Flexner LLP attorney's hourly rate of $380 because I find that rate to be reasonable given that attorney's contributions to this case. (*See id.* at ¶¶ 6–7).

[2] Because there is an unexplained discrepancy between the total amount sought by Boies Schiller Flexner LLP ($2,434,191, *see* DE 277 at 6 n.1) and the amount reflected in its summary chart ($2,432,140, *see* DE 278-1 at ¶ 7), I note that I have reached this amount using the summary chart.

### 3. Nontaxable Costs

Finally, Defendants contend that the "non-taxable costs related to ESI-related discovery" sought by Plaintiff should not be recoverable under 28 U.S.C. § 1920. (*See* DE 282 at ¶¶ 15–17). In its Reply, however, Plaintiff clarifies that it "seeks reimbursement of ESI-related discovery costs under [the Parties'] contract, not under statute." (DE 287 at 4). As Plaintiff correctly points out, "[i]n today's world, . . . there is no debate as to whether ESI-related discovery costs constitute a reasonable expense 'relating to' litigation." (*Id.*). As such, Defendants' third argument also fails.

### CONCLUSION

Based upon the foregoing, and because Defendants do not oppose the remainder of Plaintiff's Motion for Fees and Costs, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion (DE 277) is **GRANTED IN PART AND DENIED IN PART**.

(2) Plaintiff is **AWARDED** a total of $2,086,233.48 in attorneys' fees and costs, consisting of $1,710,093.97 in attorneys' fees and $376,139.51 in taxable and nontaxable costs.

(3) This award is entered in favor of Plaintiff and against Defendants.

**SIGNED** in Chambers at West Palm Beach, Florida, this 13th day of August, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record

5